Statement.

# Richmond.

## CLARK v. SLEET's ADM'R.

### MARCH 28, 1901.

1. EVIDENCE—*Books—Insanity of Book-Keeper.*—If a plaintiff relies on the books of his intestate to prove the items of a store account against the defendant, the latter may show that the mental condition of the book-keeper was such during the period the account was running that he was incapable of keeping them correctly.

2. EVIDENCE—*Rejection—Tender of Similar Evidence.*—After a court has rejected, as irrelevant and inadmissible, evidence tendered along a particular line, it is unnecessary to go through the formality of tendering other evidence on the same subject.

3. BILL OF EXCEPTION—*Rejected Evidence—Relevancy—How Shown.*— Although a bill of exception does not disclose what the answers of witnesses who were excluded would have been, it is sufficient where the bill shows that the character of such answers was disclosed in the argument on the admissibility of their evidence.

4. BILL OF EXCEPTION—*Rejected Evidence—Relevancy—Materiality.*—The relevancy or materiality of rejected evidence must be shown by a bill of exception in order to enable the appellate court to see that the trial court did actually exclude evidence which the exceptant had the right to introduce, and would have introduced but for the ruling of the trial court.

5. APPEAL AND ERROR—*Instructions—Objection in Appellate Court.*—An instruction should not be given when there is no evidence in the cause which tends to support it, but an objection to such an instruction cannot be raised for the first time in this court.

Error to a judgment of the Circuit Court of Rappahannock county, rendered November 22, 1899, in a proceeding by motion for a judgment for money, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Hay, Jeffries & Perry* and *J. F. Strother,* for the plaintiff in error.

*M. L. Walton,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is a proceeding by motion under the provisions of section 3211 of the Code, and amendments thereto.

The demand of the plaintiff, who is the defendant in error, consisted of two bonds and a store account.

The defendant filed pleas of *non assumpsit,* payment, and set off, upon which issues were joined.

The plaintiff, to sustain the issues on his part, introduced, among other evidence, the ledgers and cash book of his intestate, who was a merchant, which contained his account against the defendant, and which were shown to have been kept almost entirely by the intestate, and were for the most part in his handwriting.

The defendant, in making out his defence, sought to prove that the mental condition of the plaintiff's intestate was such during the period the store account was running, that he was incapable of keeping his books correctly.

The court was of opinion that such evidence was inadmissible, and refused to allow the mental condition of the plaintiff's intestate during that period to be enquired into.

We are of opinion that such evidence was admissible. If the plaintiff relied on the books of his intestate to prove the items of the store account, the defendant clearly had the right to show that the mental condition of the book-keeper was such during the period the account was running that he was incapable of keeping them correctly.

It is true that the bill of exceptions does not show what the

answers of the witnesses who were not allowed to testify would have been, but it does appear from the bill of exceptions that the defendant's counsel stated to the court, in arguing the admissibility of the evidence which he sought to elicit by the questions propounded, that he expected to show by the records of the County Court that, within three weeks after the payment of the sum of $187, charged in his bill of particulars, the plaintiff's intestate was adjudged insane. This item of $187 is charged in the bill of particulars as paid February 1, 1899, which is more than one month before the last item charged on the plaintiff's account. The court certifies that the record showing that the plaintiff's intestate had been adjudged a lunatic was not tendered. Under the court's ruling that the mental condition of the plaintiff's intestate was irrelevant and inadmissible, it was unnecessary to go through with the formality of tendering further evidence upon that question. It was sufficient for the defendant to inform the court of what he expected or proposed to prove by the evidence which he wished to offer, and thus to make its relevancy and materiality appear by the bill of exceptions taken to the action of the court. *Union Life Ins. Co.* v. *Pollard*, 94 Va. 146, 157, and cases cited.

The rule that the relevancy or materiality of rejected evidence must be shown by the bill of exceptions, is to enable the appellate court to see that the trial court did actually exclude by its action relevant and material evidence, which the party complaining of its action had the right to, and would have introduced, but for such ruling. The bill of exceptions in question, we think, sufficiently shows this.

The trial court having erred in refusing to allow the defendant to introduce evidence of the mental condition of the plaintiff's intestate while keeping the books containing the store account relied on, its judgment must be reversed therefor.

Another assignment of error is, that the plaintiff's instruction No. 1, which told the jury what they should do if they believed

that certain negotiable notes referred to were accommodation notes, ought not to have been given, because there was no evidence tending to show that they were accommodation paper. No objection was made to the instruction in the court below. It cannot be raised here for the first time. *Danville Bank* v. *Waddill's Adm'r*, 31 Gratt. 469, 477.

It is unnecessary to consider the remaining assignment of error, viz., that the verdict is contrary to the evidence, as the case has to be remanded for a new trial, in which the evidence may, and probably will, be different.

The judgment must be reversed, the verdict set aside, and the cause remanded for a new trial, in accordance with law, and not in conflict with the views expressed in this opinion.

*Reversed.*