# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

REUSENS v. CASSELL AND OTHERS; SAME v. HALL; SAME v.
RAKES; SAME v. JAMES W. I. LAWSON AND OTHERS; AND SAME
v. JOHN C. LAWSON AND OTHERS.

January 23, 1902.

Absent, Whittle, J.

1. EVIDENCE—*Ejectment—Record of Prior Suit Between Other Parties.*—
In an action of ejectment, the record of another action of ejectment
between other parties, not in privity with the parties to the present
suit, is not competent evidence upon a question of boundaries, or
the location of the land in controversy.

2. APPEAL AND ERROR—*New Trial—Conflicting Evidence—Province of
Jury.*—The evidence in the case at bar was not only obscure and
uncertain, but was conflicting, and it was peculiarly the province
of the jury to weigh it, and determine from it what facts were
proved. Under these circumstances, a verdict which has been ap-
proved by the trial judge who heard the witnesses will not be dis-
turbed by this court.

Error to judgments of the Circuit Court of Carroll county,
rendered July 25, 1900, in several actions of ejectment in which
the plaintiffs in error were, respectively, the plaintiffs, and the
defendants in error were, respectively, defendants.

*Affirmed.*

The opinion states the case.

*P. Bouldin, Jr.,* for the plaintiffs in error.

*S. A. Anderson* and *D. W. Bolen,* for the defendants in error.

CARDWELL, J., delivered the opinion of the court.

These are actions of ejectment to recover certain parcels of land situated in Patrick county, Virginia, which the plaintiff asserts are parts of a large grant to General Henry Lee, assignee of John Miller, and within the survey for Miller made April 14, 1795, upon which the grant was founded.

They are companion cases to that of *Reusens* v. *Lawson*, twice before this court (91 Va. 226, and 96 Va. 285), and before a trial of them in the Circuit Court, the following agreement was entered into by counsel for all parties concerned, and made a part of the record, to-wit:

"It is mutually agreed by the plaintiff and each of the defendants in the foregoing six causes of ejectment pending in this court, that said six causes shall be tried together at one and the same time; that all six of said causes be submitted to the same jury, at the same time, and the jury sworn in each of said causes, if trial is had by jury, and if no jury is demanded, that all six of said causes be submitted to the court together, at the same time. Each of said causes, and the proceedings in the trial to be carried separately on the order book, and a separate verdict and judgment, or separate judgment, to be entered in each cause, according to what the jury and the court, or the court alone, may determine to be right in each case.

"Should there be a verdict and judgment, or judgment alone, against the plaintiff in either or any of the causes, the plaintiff may apply for a writ of error and *supersedeas* in any or all of the judgments against him, in which he may join any or all of the cases in which there is a judgment against him. Should there be a verdict and judgment alone against the defendants, or either or any of them, then such defendant or defendants shall have the same right to apply for a writ of error and *supersedeas,* and as many of them as so elect may join in the same application.

"The object is that there shall be but one record copied, and cases disposed of in the Supreme Court of Appeals as one case, just as will be disposed of in this court.

"All evidence proper in any one of the cases to be submitted to the jury and court, or the court alone, on trial."

In each cause there was a verdict and judgment for the defendants, a writ of error was awarded the plaintiff by one of the judges of this court, and the causes were here argued and submitted together.

The first two assignments of error relate to the refusal of the court to admit as evidence the certified records of certain actions of ejectment, under the style of *Reusens* v. *Diggs*, tried at the November term, 1898, of the United States Circuit Court at Danville, Va., and of *Reusens* v. *Staples*, tried at the same court at Danville, in April, 1892.

A complete answer to these assignments of error is found in the fact that none of the parties to these suits, and none of those under whom they claim, were parties to the suits tried in the United States Circuit Court, or stood in the relation of privity to the defendants in those suits. That the records in those suits were properly excluded as evidence in these is clearly settled by this court in *Stinchcomb* v. *Marsh*, 15 Gratt. 202, where it is said: "In an action of ejectment, the record of another action of ejectment, between other parties, is not competent evidence upon a question of boundaries or the location of the land in controversy."

The remaining assignment of error is to the refusal of the court to set aside the verdict in each of these causes on the ground that it is contrary to the law and the evidence.

The defences relied on here, as in the former case, were:

First. That the land sued for was not within the Miller survey; and second, that if covered by it, the defendants and those under whom they claim were purchasers for value, and had held adverse possession under color and claim of title beyond the

statutory period of limitation. It was necessary for the plaintiff to show himself to be the owner of the land, and to recover on the strength of his own title.

All the evidence, including title papers and maps, relied on in the case of *Reusens* v. *Lawson, supra,* were reproduced in these causes, and in the former case the question whether or not the parcel of land in controversy was embraced within the boundaries of the Miller patent, was elaborately discussed, and the verdict of the jury for the defendants sustained.

With the exception of the land involved in the first named of these causes, which is covered by an older patent than Miller's, and which the evidence very clearly shows to have been in the adversary possession of the defendants and those under whom they claim for about one hundred years, all the tracts in controversy here are farther north than the land involved in the former case (*Reusens* v. *Lawson, supra*), and this fact added to the difficulties encountered by the plaintiff in making out his title to the land claimed, and in locating it within the limits of the Miller survey.

To undertake to review even the principal features of the voluminous testimony introduced in these causes would necessarily lead to a repetition of much that is said in the able and carefully prepared opinion of Riely, J., in *Reusens* v. *Lawson,* 96 Va., *supra,* and it would serve no good purpose. The law applicable to the causes was so fully and clearly expounded in the opinion of Buchanan, J., in *Reusens* v. *Lawson,* 91 Va. 226, that there is no sort of controversy over it here. The instructions, seventeen in number, asked for by the plaintiff, were given, and no exception is taken to the seven instructions given at the instance of the defendants.

The testimony has been carefully examined and considered, and we are unable to see that that not heretofore considered by the court materially aids the plaintiff in establishing the location of the boundaries of the Miller survey; and where there

is any sort of doubt as to the location of the land involved in either of these actions, with reference to that survey, the evidence as to adversary possession, under color and claim of title in the defendants and those under whom they claim, is ample to sustain the finding of the jury adverse to the plaintiff.

The evidence being not only in a great part obscure and uncertain, but conflicting, it was peculiarly the province of the jury to weigh it, and determine from it the fact which it proved; and the rule is well established by repeated decisions of this court, that where there is a conflict of evidence, this court will not set aside a verdict where the court which tried the cause and heard the witnesses concurs with the jury, and has refused a new trial. *Michie* v. *Cochran,* 93 Va. 646, authorities cited; and *Reusens* v. *Lawson, supra.*

We are of opinion, therefore, that the judgment of the Circuit Court in each of these causes should be affirmed.

*Affirmed.*