# Richmond.

## KNIGHT AND ANOTHER v. GRIM AND ANOTHER.

November 18, 1909.

Absent, Buchanan and Cardwell, JJ.

1. APPEAL AND ERROR—*Grounds of Defense—Refusal to Require—When Harmless.*—Where it is manifest that the plaintiff was not embarrassed, hindered or prejudiced in any way by the refusal of the trial court to require the defendant to state his grounds of defense to an action of ejectment, the judgment will not be reversed on that account, as the error, if any, was harmless.

2. EJECTMENT—*Color of Title—Condemnation Proceedings—Adverse Possession—Parties.*—The record of condemnation proceedings, though defective, may, after final judgment therein, be introduced in evidence in an action of ejectment for the purpose of showing color of title, to be followed by proof that the defendant and those under whom he claims have been in the actual and adversary possession of the premises for the period prescribed by law. It is immaterial that neither the plaintiff nor those under whom he claims were parties to the condemnation proceedings.

3. EJECTMENT—*Color of Title—Record in Condemnation Proceedings—Final Judgment Therein.*—The filing of a petition to condemn land and the entry of an order appointing commissioners to ascertain the damages are not alone sufficient to constitute color of title which, if held adversely for the statutory period, will ripen into good title. There must, in addition, be a final judgment of the court fixing the amount of the compensation, and the payment of the same to the parties entitled thereto, or into court. Then for the first time does the record furnish color of title.

4. COLOR OF TITLE—*What Constitutes.*—Color of title is that which in appearance is title, but which in reality is no title at all. It is that which is apparently good title, but which, by reason of some defect not appearing on its face, does not in fact amount to title.

Error to a judgment of the Circuit Court of Clarke county in an action of ejectment. Judgment for the defendants. Plaintiffs assign error.

*Reversed.*

The opinion states the case.

*Whiting & Smith,* for the plaintiffs in error.

*Harrison & Lewis,* for the defendants in error.

HARRISON, J., delivered the opinion of the court.

The plaintiffs, J. Gover Knight and Juliet S. Knight, brought this action of ejectment to recover of the defendants, P. T. Grim and the School Board of Chapel District, a lot of land containing one-half acre, situated in the county of Clarke.

The claim of the plaintiffs rests upon a deed dated October 1, 1877, whereby George K. Anderson and wife conveyed to their father, William F. Knight, as trustee, a farm containing one hundred and forty-five acres, to be held by said trustee for the use and benefit of Elizabeth Gover, their grandmother, during her life, and at her death to pass in fee simple to the plaintiffs. Mrs. Gover died March 4, 1879. From that date, under the terms of the deed, the plaintiffs, who were then under age, became the fee simple owners of the farm, which included within its boundary the lot sought to be recovered in this action.

The claim of the defendants rests upon the assertion of adverse possession under color of title for a sufficient length of time to bar the right of the plaintiffs to recover.

It appears that on June 7, 1886, more than eight years after the deed from Anderson and wife to the plaintiffs, and more than seven years after the plaintiffs had, by reason of their grandmother's death, become the fee simple owners of the land in question, the Board of Trustees of Greenway District filed an application in the clerk's office of the County Court

of Clarke county, asking that one-half acre of this farm of the plaintiffs be condemned for free school purposes. At the July term, 1886, William F. Knight, who was then in possession of the farm, appeared in court by counsel and waived notice of the application to condemn; whereupon the court appointed commissioners to meet on the land and report to the court what would be a just compensation for the land proposed to be taken. When the commissioners filed their report in response to this order does not appear.

After the order appointing the commissioners was entered, no further action was taken in this condemnation proceeding until the August term, 1893, when the following order was entered: "In the matter of the application of the Board of School Trustees of Greenway District, in the county of Clarke, to condemn one-half acre of land held by W. F. Knight, trustee for his children, Beverly Randolph, J. W. Sprint and R. Powel Page, three of the commissioners appointed by the order of July, 1886, returned their report, and there being no exceptions thereto, the same is approved and confirmed; and it appearing to the court that the sum of $200 ascertained by said report to be a just compensation to William F. Knight, trustee, for the land taken has been paid, it is ordered that the said report, together with the order appointing the said commissioners, be recorded in the proper deed book of this court, and that the title to the one-half acre of land mentioned in said report do vest in the Board of School Trustees for Greenway District, and this case is now retired among the causes ended."

At the time this final order was entered the plaintiffs were of age, but they were not then, nor had they at any time been made, parties to this proceeding.

It further appears that the School Board of Greenway District took possession of the lot in question in 1886, fenced it in, and by the latter part of that year or early in 1887 had built a schoolhouse thereon, which was in 1887 occupied for school purposes.

By deed dated November 16, 1907, the School Board of Greenway District conveyed the lot in question to the School Board of Chapel District, after which the School Board of Chapel District sold the same at public auction to the defendant, P. T. Grim, and made him a deed therefor, dated May 1, 1908.

This action of ejectment was brought May 30, 1908, in which there was a verdict and judgment for the defendants, which this writ of error brings under review.

There was no error in the circuit court's refusal to require the defendants to file their grounds of defense. Whether or not section 3249 of the Code applies to actions of ejectment we need not decide. So far as this case is concerned it is manifest that the plaintiffs were not embarrassed, hindered or prejudiced in any way by the ruling complained of. *C. & O. Ry. Co.* v. *Stock,* 104 Va. 97, 51 S. E. 161; *Wallen* v. *Wallen,* 107 Va. 131, 57 S. E. 596.

The plaintiffs objected to the introduction of the condemnation proceedings, already mentioned, upon the ground that they were not parties to such proceedings, and could not be prejudiced by them. This objection was overruled; and the condemnation proceedings were permitted to go to the jury, only as showing color of title, to be followed by proof that the defendants and those under whom they claimed had been in the actual and adversary possession of the premises for the period prescribed by law.

There was no error in this ruling. When the condemnation proceedings were admitted as color of title the final order, confirming the report of the commissioners and reciting that the damages had been paid, had been entered. In that shape, however inadequate such proceedings may have been as showing good title, they were sufficient to show color of title from and after the date of the final order mentioned, of August, 1893.

In Lewis on Eminent Domain, Vol. 2, sec. 300-b, it is said that, "Under statutes quieting title to land after a certain length of possession under color of title, it is held that defective con-

demnation proceedings may be color of title." Citing *Mobile, &c., R. Co.* v. *Cogsbill,* 85 Ala. 456, 5 South. 188; *Cogsbill* v. *Mobile, &c., R. Co.,* 92 Ala. 252, 9 South. 512. In these cases where the damages had been ascertained and the report confirmed, the record was admitted as showing color of title.

Over the objection of the plaintiffs the court gave for the defendants the following instruction: "If the jury believe from the evidence that the defendants, or those under whom they claim, have been in open, visible, continuous, notorious and hostile possession of the land described in the declaration, under claim or color of title, for a period of twenty years preceding the 30th of May, 1908, the date of the institution of this suit, they must find for the defendants."

This instruction was erroneous. It is not contended in this case that the lot in question was ever claimed other than under the condemnation proceedings, which are relied on as giving the defendants color of title. The instruction assumes that the condemnation proceedings prior to the order of August, 1893, constituted color of title. It in effect told the jury that the application to condemn, and the order appointing commissioners to ascertain the damage were alone sufficient to constitute color of title, under which, if the defendants held adversely for the statutory period, the plaintiffs could not recover.

The taking of private property for public purposes would be facilitated far beyond the inhibitions of the law if the mere filing of a petition to condemn and the entry of an order appointing commissioners to ascertain the damage in a proceeding to which the owners were not parties, stating that the property was needed for public purposes, would give color of title. There would be little protection for property rights under such circumstances. The application to condemn and the order appointing commissioners did not, standing alone, constitute color of title. No one could have been misled by such a record into relying upon it as vesting in him the ownership of the property.

Color of title is that which in appearance is title, but which

in reality is no title at all. It is that which is apparently good title, but which, by reason of some defect not appearing on its face, does not in fact amount to title. Newell on Ejectment, p. 772, sec. 87; *Sulphur Mines* v. *Thompson,* 93 Va. 293, 25 S. E. 232.

In the case at bar the condemnation proceedings did not constitute color of title until after the order of August, 1893, was entered. Then for the first time did the record furnish any appearance of title. It was still defective, but that fact was not apparent on its face, and therefore it then constituted color of title.

In *Virginia-Carolina Co.* v. *Booker,* 99 Va. 633-637, 39 S. E. 591-592, this court, after stating how a party seeking to condemn land can get possession pending the proceedings, says: "But this gives the party condemning no title to the land until there is a final judgment of the court fixing the amount of the compensation, and the payment of the same to the party or parties entitled, or into court." Citing sec. 1083 of the Code.

While, therefore, the condemnation proceedings were admissible to show color of title in the plaintiffs, their operation as color of title could only be effectual from and after August, 1893, when for the first time the order then entered gave them the appearance of title.

This suit was brought May 30, 1908, less than fifteen years after the defendants had the right to rely upon the condemnation proceedings as color of title. It follows, therefore, that the defendants had not shown adverse possession under color of title for the statutory period, and hence the plaintiffs' claim was not barred.

In this view of the case it is unnecessary to consider other assignments of error.

The judgment complained of must be reversed, the verdict of the jury set aside, and the case remanded for a new trial not in conflict with the views expressed in this opinion.

*Reversed.*