# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## LYNCHBURG COTTON MILLS V. RIVES.

March 9, 1911.

Absent, Keith, P.

1. EVIDENCE—*General Objection.*—A general objection to evidence will be overruled where the evidence is admissible for any purpose.

2. EJECTMENT—*Evidence—Record of Another Suit—Exceptions to Rule.*—Generally, in an action of ejectment the record of another suit between other parties not in privity with parties to the present suit is not competent evidence upon a question of boundaries, or the location of the land in controversy. But this rule is subject to two exceptions: First, where the record to which the plaintiff is not a party is introduced by the defendant in an action of ejectment to show adversary possession under a color of title, and, second, the record of a chancery suit is legal evidence for the defendant, as a link in his chain of title, though the plaintiff was not a party to the cause.

3. DEEDS—*Description—Evidence to Vary.*—Where a deed conveying land sets forth the metes and bounds with accuracy and precision, it is not error to refuse to admit in evidence the record of the proceedings to establish a road through or near the land, in order to establish a different boundary, as such record could not alter or affect said boundary.

4. APPEAL AND ERROR—*Rejection of Evidence by Trial Court.*—This court will not review the action of a trial court in refusing to permit a witness to answer a question when it is not shown what answer would have been made to the question.

5. MARRIED WOMEN—*How They Sue.*—Since the enactment of section 2286-a of the Code it is no longer necessary for an adult married woman to sue by a next friend.

6. EJECTMENT—*Parties—Wife's Common Law Lands—Relinquishment of Husband's Rights.*—Where it appears that a husband has relinquished to his wife his marital right to the possession and profits of her common law lands, she may maintain an action of ejectment in her own name to recover the possession thereof.

7.  EJECTMENT—*Parties—Satisfied Deed of Trust—Action by Gran-tor.*—Where a deed of trust on a wife's land has been fully satisfied and a release and reconveyance is made to the husband, the wife may maintain ejectment in her own name to recover the land from one unlawfully in possession thereof. Under the provisions of section 2742 of the Code, the trustee could not maintain ejectment for the land in the circumstances mentioned, and the husband who is cognizant of the facts stands on no higher ground. The effect of that section is to prevent the trustee from maintaining ejectment, and to authorize the grantor to maintain such action.

8.  EJECTMENT—*Defendant—Party Claiming Title.*—Under the provisions of section 2726 of the Code, a person who has had the land surveyed and regularly paid taxes on it and claims to own it may be made defendant to an action of ejectment to recover the land when no one is in the actual occupation thereof.

Error to a judgment of the Circuit Court of Campbell county in an action of ejectment. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Harrison & Long* and *George E. Caskie,* for the plaintiff in error.

*Samuel A. Anderson,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is an action of ejectment brought by Mrs. E. G. Rives against the Lynchburg Cotton Mill Company, to recover one and one-half acres of land located in Campbell county near the city of Lynchburg between what are known in the record as "Carroll avenue" and the "Edley Line."

From the viewpoint of a demurrer to the evidence, the following are the material facts: J. H. Rives, who was the plaintiff's husband, owned the "Edley tract," and the plain-

tiff owned adjoining land called the "Crawford tract." By deed dated January 6, 1890, J. H. Rives and wife conveyed the "Edley tract" to Wilson, trustee, to secure certain of his creditors. Default having been made in the payment of these debts, the land "was subdivided into lots, one of which, Lot No. 19, was sold and conveyed to the defendant, the Lynchburg Cotton Mill Company. On January 8, 1892, Mrs. Rives, by deed in which her husband joined, conveyed about fifteen acres of the Crawford land to Wilson, trustee, to secure certain of her creditors, omitting from the conveyance the one and one-half acres of land involved in this litigation. Default was likewise made in the payment of the debts secured by the last-named deed, and the trustee also sold the land included therein to the Lynchburg Cotton Mill Company. But the trustee, in making the deed to the purchaser, not regarding the metes and bounds of the land conveyed to himself as trustee, adopted the "Edley Line," (then the line of the Lynchburg Cotton Mill Company) instead of "Carroll avenue," which was the correct line at the point in controversy. The effect of this action on the part of the trustee was to convey to the defendant the one and one-half acres of land belonging to Mrs. Rives, lying west of "Carroll avenue," and which, as we have remarked, was not embraced by the trust deed of January 8, 1892.

The defendant demurred to the plaintiff's evidence, but the court overruled the demurrer and rendered judgment for the plaintiff.

During the progress of the trial four bills of exception were taken by the defendant.

The first assignment of error involves the ruling of the court in admitting over the objection of the defendant a letter written by Harrison & Long to Robert E. Scott, dated March 9, 1907. The ground of objection to the introduction of this letter is that it was written before the institution of the action, and that it does not sufficiently appear

that Messrs. Harrison & Long were, at that time, counsel for the defendant.

Mr. Scott, himself a practicing lawyer and a brother of the plaintiff, was investigating the title of his sister to the land in dispute, and, having been informed that Messrs. Harrison & Long were counsel for the defendant, applied to them for a statement of their client's claim to the land in question. The letter shows on its face that they were counsel for the defendant touching the subject-matter in controversy, and was introduced to show that the defendant claimed title through the plaintiff.

The introduction of the letter was also objected to on the ground that it referred to certain unconsummated offers of compromise between the parties, calculated, it was said, to prejudice the defendant's case with the jury.

The objection is of less importance by reason of the fact that the case was withdrawn from the jury by the demurrer to the evidence; yet, aside from this, the letter was clearly admissible for the purpose for which it was offered, and the objection to its admission being general was properly overruled. The settled practice in that respect is that a general objection to evidence will be overruled where the evidence is admissible for any purpose.

The next three assignments of error relate to the exclusion of evidence offered on behalf of the defendant.

After the plaintiff had introduced in evidence a copy of a map showing the location of Carroll avenue at the point in controversy, which she claimed as a boundary line of the property conveyed to Wilson, trustee, the defendant offered the record of the proceedings in which the road (Carroll avenue) was established, and in that connection proposed to show by the record that the map was made by the commissioners and returned with their report; that they had been directed to locate the road on the land of J. H. Rives, and so reported; moreover, that the commissioners adver-

tised for bids for the construction of the road on the land of J. H. Rives, who became a bidder for the work (stating in his bid that the road was to be constructed on his own land), and that the contract was awarded to him.

This evidence was properly excluded, because the plaintiff was not a party to the record, and not bound by its recitals. *Paynes* v. *Coles,* 1 Munf. 373; *Lovell* v. *Arnold,* 2 Munf. 167; *Pleasants* v. *Clements,* 2 Leigh 514; *Donner* v. *Morrison,* 2 Gratt. 250; *Duncan* v. *Helms,* 8 Gratt. 68; *Stinchcomb* v. *Marsh,* 15 Gratt. 202; *Bargamin* v. *Clark,* 20 Gratt. 544; *Reusens* v. *Lawson,* 100 Va. 143, 40 S. E. 616.

In the case last cited, the general rule is thus stated: "In an action of ejectment, the record of another action of ejectment between other parties not in privity with the parties to the present suit is not competent evidence upon a question of boundaries, or the location of the land in controversy."

The following are two well-recognized exceptions to the general rule: 1st. Where the record to which the plaintiff is not a party is introduced by the defendant in an action of ejectment to show adversary possession under color of title (the cases of *Va.-Tenn. Coal & Iron Co.* v. *Fields,* 94 Va. 102, 26 S. E. 426, and *Knight* v. *Grim,* 110 Va. 400, 66 S. E. 42, afford illustrations of that exception); and, 2d: "The record in a chancery cause is legal evidence for the defendant, as a link in his chain of title, though the plaintiff was not a party to the cause." *Baylor's Lessee* v. *DeJarnette,* 13 Gratt. 152.

The record in question does not come within any of the exceptions to the general rule, and it was also rightly rejected because immaterial. The deed from the plaintiff to Wilson, trustee, under which the defendant claims title to the land in dispute, makes no reference to the record. The metes and bounds are set forth with precision in the deed of January 8, 1892, from the plaintiff to Wilson, trustee,

and the land is described as bounded on the west by the new public road (Carroll avenue), "running through the lands of the said parties of the first part (E. G. Rives and J. H. Rives)"; and the rejected record could not have altered or affected those boundaries.

The refusal of the court to permit Wilson, trustee, to give his understanding of what land was or was not included in the foregoing deed is also assigned as error. Without considering other objections to that course of examination, this court cannot consider the objection because it does not appear what answer the witness would have made to the interrogatory. *Douglas Land Co.* v. *T. W. Thayer Co.,* 107 Va. 292, 58 S. E. 1101.

The same objection applies to the refusal of the court to permit counsel for the defendant to ask the trustee from what source he got the information upon which he based the description of the land contained in the deed of January 8, 1892.

The remaining assignment of error questions the correctness of the judgment of the court in overruling the defendant's demurrer to the evidence.

The two grounds of demurrer not already disposed of are—1st: "Because the evidence shows that the plaintiff did not have the legal title to the land in the declaration mentioned at the time of the institution of this action, the said legal title being then and still is outstanding in another"; and, 2d: "Because the evidence does not show that the said defendant was at the time of the institution of this action in possession of the land."

The evidence plainly shows that the ownership of the land in controversy was in the plaintiff, and that it was not included in the deed to Wilson, trustee. J. H. Rives, plaintiff's husband, was living in August, 1907, when the action was instituted, but died in February, 1908, and the case was decided in September, 1909. The action was brought in the

name of Mrs. Rives by authority of section 2286-a, Va. Code, 1904, which provides: "From and after the passage of this act, in any case in which under existing laws an adult married woman may sue at law or in equity by her next friend, she may sue in her own name, and it shall not be necessary for her to sue by next friend."

One of the contentions under the first ground of demurrer is that since Mrs. Rives acquired the land in 1873, prior to the married woman's act, her husband, by virtue of his common law marital rights, was entitled to possession of all the real estate of his wife during coverture; that the right was a vested right of which he was not and could not be devested by subsequent legislation in relation to estates by curtesy.

The force of this proposition cannot be denied, and it might have defeated the plaintiff's right of recovery if it had not been shown by the evidence that from the date of Mrs. Rives's acquisition of the Crawford land until the time of the sale by Wilson, trustee, she had, with the acquiescence of her husband, full and complete possession of the land and pernancy of profits. In other words, it appears that the husband had relinquished his marital right to possession and profits in favor of the wife.

The remaining contention under the first ground of demurrer is, that on September 10, 1878, Rives and wife conveyed the land to Perkins, trustee, to secure a debt to Mrs. Harrison; and that subsequently, the debt having been discharged, the trustee and Mrs. Harrison conveyed or released the land to the husband, thus passing the legal title to him.

This contention is highly technical and without merit. Section 2742 of the Code declares: "The payment of the whole sum . . . which any deed of trust may have been made to secure . . . shall prevent the grantee, or his heirs, from recovering at law by virtue of such . . . deed

of trust, property thereby conveyed, wherever the defendant would in equity be entitled to a decree re-vesting the legal title in him, without condition."

Clearly, therefore, the trustee could not have maintained ejectment for the land in the circumstances narrated, and the husband, who was cognizant of the facts, stood on no higher ground. The effect of that section is to prevent the trustee from maintaining ejectment, and to authorize the grantor to maintain such action. *Hale* v. *Horne,* 21 Gratt. 112, 122; *Hopkins* v. *Ward,* 6 Munf. 38; *Hopkins* v. *Stevens,* 2 Rand. 422; *Davis* v. *Trays,* 3 Gratt. 270; *Suttle* v. *R. F. & P. R. Co.,* 76 Va. 284, 289; *Witcher* v. *Robertson,* 78 Va. 602-20; *Reusens* v. *Lawson,* 91 Va. 226-243, 21 S. E. 347.

This brings us to the consideration of the second ground of demurrer, namely, that the evidence fails to show that the defendant was in possession of the land described in the declaration at the date of the institution of the action. It does not appear that the land was in the actual possession of any one at that time (plaintiff's possession ceased at the date of the sale by Wilson, trustee); but it is distinctly proved by the president of the defendant company that after the purchase from Wilson, trustee, it had the land surveyed, and, since that time, has paid taxes upon it. This assignment is, therefore, covered by section 2726 of the Code, which provides, that "If there be no person actually occupying the premises adversely to the plaintiff, then the action must be against some person exercising ownership thereon or claiming title thereto, or some interest therein, at the commencement of suit." *Steinman* v. *Vicars,* 99 Va. 595, 39 S. E. 227.

Upon the whole case, we are of opinion that the judgment of the circuit court was plainly right and should be affirmed.

*Affirmed.*