Statement.

# Staunton

## STEWART & QUINN V. ROGERS & DEFREES.

September 9, 1915.

Absent, Keith, P., and Cardwell, J.

1. CONTRACTS—*Forfeiture—Waiver—Breach.*—The provision in a contract for the sale of personal property that in the event the buyer fails to make any of the deferred payments called for by the contract, all of his rights thereunder shall cease and determine, is inserted for the benefit of the seller, and he may waive the forfeiture and sue for the breach of the contract.

2. APPEAL AND ERROR—*Case Tried by Court—Conflicting Evidence.* If the parties waive a jury and submit all questions of law and fact to the court, its judgment cannot be set aside by this court where the evidence is conflicting.

3. BILLS OF EXCEPTION—*Excluding Answer of Witness—Relevancy and Materiality.*—Where the trial court refuses to allow a witness to answer a question, and exception is taken to the ruling, the usual practice is to allow the witness to answer the question in the absence of the jury, or for counsel to state what answer is expected, and even where the argument on the admissibility of the evidence discloses the character of the answer, it has been held to be a sufficient avowal. But where the relevancy or materiality of the answer expected is not made to appear in some satisfactory way, the exclusion of the question cannot be reviewed.

Error to a judgment of the Law and Chancery Court of the city of Roanoke in an action of covenant. Judgment for the plaintiffs. Defendants assign error.

*Affirmed.*

The opinion states the case.

*M. M. Caldwell,* for the plaintiffs in error.

*W. J. Henson,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

This writ of error brings under review a judgment in behalf of defendants in error, plaintiffs below, against plaintiffs in error in an action of covenant on the following agreement:

"Memorandum of an agreement made this 24th day of September, 1907, between B. W. Rogers and J. H. Defrees, parties of the first part, and L. C. Stewart and M. A. Quinn, parties of the second part, witnesseth: That the said parties of the first part hereby agree to sell and transfer all their rights under certain letters patent from the United States, being No. 559,642, issued to J. H. Watson, for the State of Virginia, upon the following terms and conditions:

"1st. Said second parties are to pay first parties fifteen hundred (1500) dollars cash in hand, and are to pay five hundred (500) dollars in nine (9) months; seven hundred and fifty (750) dollars in twelve (12) months, and a like sum in fifteen (15), eighteen (18) and twenty-four (24) months respectively all of said deferred payments to bear interest at the rate of 6 *per cent.*

"2nd. Upon making the cash payment, said second parties shall have the right to proceed to enjoy and use said letters patent and all rights thereunder for the State of Virginia, subject to the payments herein agreed to be made, but in event of failure of the said party of the second part to make any of said payments, then all rights of said second parties under this agreement shall at once cease and determine.

"3rd. If said second parties shall make all payments so provided in full as herein stipulated, then when the last payment is made, said parties of the first part shall exe-

cute and deliver a conveyance in the proper form of all rights under said letters patent hereinbefore recited for the State of Virginia. . . ."

1. The first error assigned is to the action of the court in overruling the demurrer to the declaration.

The ground of demurrer is that, since the defendants have paid nothing except the cash payment, by clause second all their rights under the contract ceased and determined.

This ground of demurrer obviously is not sound. The stipulation was for the sellers' benefit, and they had the right to waive the forfeiture and sue for the breach of covenant. 2 Elliott on Contracts, sec. 1596; 35 Cyc. 705.

2. The defendants also filed two special pleas of set off under section 3299 of the Code, the one alleging failure in the consideration of the contract, and the other fraud in its procurement. There was a mistrial upon the issue joined on these pleas; whereupon, by consent of parties by counsel the jury was waived and all questions of law and fact having been submitted to the court judgment was rendered for the plaintiffs.

The evidence on both issues was conflicting, and in such case upon well established principles the appellate court is powerless to interfere.

3. The last error assigned relates to the exclusion of certain questions propounded by counsel for the defendants; but there being nothing to indicate the answers expected, that ruling is not reviewable. The usual practice in such case is to allow the witness to answer the question in the absence of the jury, or for counsel to avow what answer is expected, and even where the argument on the admissibility of the evidence discloses the character of the answer it has been held a sufficient avowal. But where, as in this case, the relevancy or materiality of the answer expected is not made to appear in some satisfactory way,

the exclusion of the question cannot be reviewed. *Clark* v. *Sleet,* 99 Va. 381, 38 S. E. 183; *Douglas L. Co.* v. *Thayer Co.,* 107 Va. 292, 58 S. E. 1101; *Lynchburg Cotton Mills* v. *Rives,* 112 Va. 137, 70 S. E. 542; *Jacobs* v. *Warthen,* 115 Va. 571, 80 S. E. 113; *Riverside, &c. Mills* v. *Waugh, ante* p. 386, 84 S. E. 658.

We find no reversible error in either of the assignments, and the judgment, therefore, will be affirmed.

*Affirmed.*