Syllabus.

𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

FARDIS & BOUDOURIS·V. E. I. DUPONT DE NEMOURS AND
COMPANY.

June 13, 1918.

Absent, Burks, J.

1. ORDER OF PROOF.—In an action for destroying a building to pre-
vent the spread of fire, the order of proof not being material,
the court, in the exercise of its discretion, might permit evi-
dence to be introduced of acts and conduct of persons wearing
the uniform of the defendant, on condition that it should later
be made to appear that such persons were acting as agents
and employees of the defendant, and within the scope of their
employment.

2. EVIDENCE—*Striking out Evidence—Failure to Connect Defendant
with Acts Introduced.*—In an action for destroying a building
to prevent the spread of fire, the court permitted the intro-
duction of evidence as to the acts and conduct of defendant's
uniformed policemen, upon the understanding that it should
later be made to appear that these persons were acting as
agents and employees of the defendant, and within the scope
of their employment. This the plaintiff failed to do.

   *Held:* That it was not error for the court to strike out the evi-
dence referring to the acts and conduct of the police officers.

3. EVIDENCE—*Striking out Evidence—Failure to Connect Defendant
with Acts Introduced.*—Where in addition to instructing the
jury to disregard all evidence introduced as to the acts or state-
ments of the police in defendant's uniform, the court further
directed them to disregard all evidence with reference to the
destruction of the building, no prejudice resulted to the plain-
tiff. It would probably have been sufficient for the court to
have simply told the jury to disregard any evidence as to the
conduct and statements of the policemen, but the exclusion of
that evidence necessarily ended the case so far as the defendant
was concerned.

4. ASSIGNMENT OF ERRORS—*Record—Exclusion of Evidence.*—Where
an assignment of error complains of the action of the ⌐ourt in

refusing to allow a witness to answer a question, the failure of the record to disclose by avowal or otherwise what answer the witness would have made, or what knowledge he had on the subject, is fatal to the assignment.

Error to a judgment of the Corporation Court of city of Hopewell, in an action of trespass on the case. Judgment for defendant. Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*Henley, Hall, Hall & Peachy,* for the plaintiff in error.

*Plummer & Bohannan* and *Mann & Townsend,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

Fardis & Boudouris were the owners of a large brick building in Hopewell. While a fire was raging there on the 9th of December, 1915, this building was destroyed by explosives in an effort to check the progress of the flames. Fardis & Boudouris brought this action against E. I. DuPont de Nemours and Company, alleging, in their first count, that the defendant, by its agents and servants, wrongfully and unlawfully entered and blew up the building, and, in their second count, that the defendant, by its agents and servants, wrongfully and unlawfully took possession of the building, depriving plaintiffs of its control, and that, while in the control of the defendant, it was blown up and destroyed.

There was a verdict and judgment below in favor of the defendant, and the plaintiffs assign error.

The fire in question destroyed a large part of the town. The water supply and other fire-fighting facilities were

wholly inadequate. The disastrous result of the "widespread conflagration" is recited in the preamble to one of the public acts of the State. (Acts 1916, page 102.) From the outset it made very rapid progress, and after it had destroyed a number of buildings and appeared to be beyond control, a group of persons in police uniform took forcible possession of the plaintiffs' premises, compelled them to leave, and destroyed the building. The plaintiffs had placed several inches of sand on the roof and floors, and had saturated the same with water. This and other precautions they claimed would have saved the building, and they protested against its destruction. The policemen who entered the building, and a majority of those who kept the crowd away on the outside, were dressed in the uniform of the DuPont police force, but they appeared to be working to a common end along with men wearing the uniform of Hopewell policemen, and with other local people dressed as civilians. Explosives were also applied to other buildings during the progress of the fire.

It does not appear how "the DuPont policemen" were appointed, what were their duties, or whether they were on duty at all at the time of the fire. There is no proof whatever that they were acting under either express or implied authority from the defendant. It does not even appear that the property of the DuPont Company was in danger. One witness testified that the fire, which had changed its course a time or two, was burning in the direction of the defendant's plant at the time of the destruction of the building in question, but there was other property between the latter and the plant, and the evidence fails to disclose the distance to the plant, or that this intervening property was so situated as to become, in case it caught fire, a source of danger to the defendant's property.

The defendants objected to the evidence of the acts and conduct of the persons wearing DuPont uniforms unless it

FARDIS *v.* E. I. DuPont, etc. Co., 123 Va. 88.    91

Opinion.

should be made to appear that they were acting as agents and employees of the defendant, and within the scope of their employment; and the court throughout the trial held that the evidence was admissible only upon that condition. At the conclusion of the plaintiffs' evidence the defendant offered no proof, but moved the court to exclude all evidence referring to the destruction of the building and all evidence referring to any acts, conduct or statement made by any of the police officers, on the ground that it had not been shown that such police officers, if they were employees of the defendant, were acting within the scope of their employment, or doing any work which had been allotted to them by the defendant. This motion was sustained, the court instructing the jury "to disregard all evidence introduced by the plaintiffs of any acts or statements made by any person in DuPont uniform with reference to the destruction of the building, and to disregard all evidence with reference thereto."

This action of the court, which forms the basis of the principal assignment of error and gives rise to the controlling question in the case, was in our opinion free from error.

There was no proper foundation for the admission of the evidence which the court excluded, and it might have properly been kept out of the case entirely until the authority and agency of the so-called DuPont policemen had been made to appear. The order of proof, however, not being material, the court, in the exercise of its discretion, permitted the evidence in question to be introduced on condition that the defendant should thereafter be connected with it, and when that condition failed, it was proper practice to exclude the evidence from the jury. The question was not one of weight, but of admissibility.

It is earnestly contended that the court, in any event, ought not to have gone so far as to strike out the evidence with reference to the destruction of the building. There

was, however, no possible prejudice resulting to the plaintiffs from this action. It would probably have been sufficient for the court to have simply told the jury to disregard any evidence as to the conduct and statements of the DuPont policemen; but the exclusion of that evidence necessarily ended the case so far as the defendant was concerned. The plaintiffs failed to connect the defendant with the destruction of the building, and the verdict which the jury rendered was the only one which could have been sustained.

The other assignments of error have been carefully considered. With one possible exception, their materiality depended wholly upon the ability of the plaintiffs to connect the defendant with the destruction of the building, and, with that possible exception, none of them involved an offer to prove anything in aid of that vital requirement. This exception, if it be one, is found in the fourth assignment, which complains of the action of the court in refusing to allow a witness to answer the following question: "About the period of this fire in December, 1915, did not the DuPont police force assist in the government of the city affairs?" In the absence of any kindred issue in the case, we are unable to perceive how either an affirmative or a negative reply to this inquiry could have availed the plaintiffs anything, but if we assume that they intended to develop the materiality of the question by further evidence, the record fails to disclose by avowal or otherwise what answer the witness would have made, or what knowledge he had on the subject, and this in itself is fatal to the assignment. *Lynchburg Cotton Mills* v. *Rives,* 112 Va. 137, 142, 70 S. E. 542; Burks' Pleading and Practice, page 515, section 283.

Having reached the foregoing conclusions, it becomes unnecessary to discuss the defendant's further contention that the plaintiffs' property would, as a necessary result of the course and extent of the fire, have been destroyed thereby, if it had not been previously dynamited.

We find no error in the judgment, and it must be affirmed.

*Affirmed.*