### CHARLESTON.

H. C. ROGERS *v.* HUNTINGTON ENGINEERING COMPANY

(No. 5428)

Submitted February 2, 1926. Decided February 9, 1926.

TRIAL—*General Objection to Evidence, Admissible for One Purpose But Improper for Another, Should be Overruled.*

A general objection to evidence, admissible for one purpose but improper for another, should be overruled.

(Trial, 38 Cyc. p. 1381.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Kanawha County.

Action by H. C. Rogers against the Huntington Engineering Company. Judgment for the defendant, and plaintiff brings error.

*Affirmed.*

*Henry S. Cato,* for plaintiff in error.
*Duncan W. Daugherty,* for defendant in error.

WOODS, JUDGE:

The Huntington Engineering Company, hereafter called the defendant, had a contract to pave certain streets in St. Albans. It is contended by the plaintiff that he entered into

an oral contract with the defendant to haul stone from a
certain quarry, by motor truck, for use in the paving of Park
Avenue, one of the streets in said city, at sixty cents per
square yard in place, as measured by the city engineer.   The
plaintiff claims there is due him for the hauling of stone for
this particular avenue, according to the said price and meas-
urement, after deducting $200 paid on the account, the sum
of $763.75.   This action was instituted for the collection of
this balance.   On the trial the defendant contended that its
contract with the plaintiff embraced the hauling of stone for
the entire paving project, which not only included Park Ave-
nue, but Fifth Avenue and other streets as well, the latter
being the principal part of the paving; that there was only
one contract with the plaintiff embodying the entire trans-
action, agreed to orally, and which was to be reduced to writ-
ing at a convenient date; that the plaintiff had performed
the work sued for before he and another with this defendant
signed and sealed the written agreement.   The only change
from the terms of the oral agreement, according to the de-
fendant, that was carried into the writing, was that the de-
fendant, in order to expedite the work, agreed to pay sixty
cents instead of fifty cents (as orally agreed) a cubic yard
for the hauling.   The plaintiff admitted the execution of the
written contract, and that the terms thereof were as stated
by the defendant, but contended that the hauling of stone for
the paving of Park Avenue was not embraced in it.   If the
defendant's contention that the entire transaction merged in
the written contract be true, plaintiff has been over-paid for
the work sued for, according to its terms.

Upon the trial the plaintiff objected to the introduction of
any testimony concerning the written agreement (which was
shown to be lost) and the contents thereof, which objection
was overruled by the court and this evidence permitted to go
to the jury.   The jury found for the defendant.   The plain-
tiff's sole assignment of error relied on in this Court goes
to the admission of this evidence.   The hauling was to be
paid for by the *square yard* in the oral contract which the
plaintiff attempts to set up, while under the terms of the
written agreement this work was to be paid for by the cubic

yard. His contention is, that if the oral contract was an independent agreement, it was improper to admit the evidence of another independent contract on the question of determining the terms of the former. If the jury believed there was an independent oral agreement, then this evidence could not properly be considered in ascertaining its terms. But on the contrary if the jury believed that there was but one contract for the hauling of the stone for the entire paving project, which was finally reduced to writing, it is plainly competent testimony. The plaintiff now seriously contends that this testimony was calculated to influence the jury unduly against his claim that the work was to be done by the square yard, even if they believed there was an independent oral contract. Whether the admitted testimony complained of was objectionable or not on this score, the objection at the time of its admission in evidence was merely general; and it being proper on the theory of the defendant that there was but one contract, the general objection was rightly overruled. *Huff* v. *Insurance Co.*, 94 W. Va. 663; *Billups* v. *Woolridge*, 80 W. Va. 13; *State* v. *Calhoun*, 67 W. Va. 666; *Lynchburg Cotton Mills* v. *Rives*, 112 Va. 137. If the plaintiff would have restricted this evidence the duty rested upon him to move the court to so restrict it, either at the time it was offered, or later by requesting the court to do so by proper instruction to the jury. The plaintiff did not avail himself of either method. The judgment of the circuit court is affirmed.

*Affirmed.*