# CHARLESTON.

AMELIA M. DALTON *v.* ANNIE M. MARTIN

(No. 5637)

Submitted October 19, 1926.  Decided November 23, 1926.

1.  ALIENATION—*Ordinarily, In Actions by Wife Against Third
    Party for Alienating Husband's Affections, Declaration of
    Husband Whose Affections Are Alleged to Have Been Alien-
    ated by Defendant, Made to Plaintiff, or a Third Person,
    Concerning Words or Acts of Defendant and Tending to
    Prove Charge Made Against Defendant Are Hearsay and
    Inadmissible Against Defendant.*

    Ordinarily, in actions by a wife against a third party for
    alienating her husband's affections, the declarations of the
    husband whose affections are alleged to have been alienated
    by the defendant, made to the plaintiff, or a third person,
    concerning the words or acts of the defendant and tending
    to prove the charge made against the defendant, are purely
    hearsay and inadmissible against the defendant.

2   ILLEGAL EVIDENCE—*Where Illegal Evidence is Admitted
    Against Objection of Party, It Will be Cause for Setting
    Aside Verdict, Unless it Clearly Appears That the Object-
    ing Party Was Not Prejudiced Thereby.*

    Where illegal evidence is admitted against the objection of
    a party, it will be cause for setting aside the verdict, unless
    it clearly appears that the objecting party was not prejudiced
    thereby.

3.  INSTRUCTIONS—*Instruction to Jury Directing Them in Case
    Finding for Plaintiff That Damages be Assessed at Such
    Sum as Jury May Believe Plaintiff is Entitled to is Im-
    proper Because it Did Not Require Such Finding to be
    Made Upon Evidence.  However, Harm From Giving Such
    Instruction Will Not be Presumed and Reversal Based*

*Thereon When it Does Not Appear That Jury Was Misled Thereby.*

An instruction to the jury directing them in case of finding for the plaintiff that the damages be assessed at such sum as the jury may believe that the plaintiff is entitled to is improper because it did not require such finding to be made upon the evidence. However, harm from the giving of such instruction will not be presumed and reversal based thereon when it does not appear that the jury was misled thereby. (p. 599.)

Error to Circuit Court, Mercer County.

Action of Trespass by Amelia M. Dalton against Annie M. Martin. Judgment for plaintiff, defendant brings error.

*Reversed.*

*French, Easley & Easley,* for defendant in error.

*Hugh G. Woods, A. A. Lilly,* and *Jno. R. Pendleton,* for plaintiff in error.

WOODS, JUDGE:

This is an action of trespass on the case, instituted in the circuit court of Mercer County, by Amelia M. Dalton against Annie M. Martin, for enticing, persuading and procuring the husband of the plaintiff to leave, desert and abandon her. The defendant is a widow woman, fifty-three years of age, residing in Princeton, West Virginia, and engaged there in conducting a rooming and boarding house. The plaintiff is a resident of Bedford county, Virginia. Her husband is a machinist, 38 years old, and since their marriage in 1909 has worked away from his home most of the time. In March, 1924, he came to Princeton, West Virginia, to work at his trade for the Virginian Railway Company, and in the following April went to live at the boarding and rooming house of the defendant. The plaintiff contends that while her husband was so boarding with the defendant that he and defendant began to pay undue attentions to each other, and became infatuated with each other, and that her husband lost his affections for plaintiff, and became estranged from her, resulting in her abandonment by him. No charge of criminal conversation is made, and no proof thereof is contained in the evidence. The defendant

contends that there were no improper relations or conduct between herself and plaintiff's husband, that nothing beyond ordinary friendship, existed between them, and that there was no interference in the marital relations of plaintiff and her husband by the defendant.

The errors alleged go to (1) the introduction of evidence, (2) the giving and refusal of instructions, (3) the insufficiency of the evidence to sustain the verdict, (4) its excessiveness, and (5) that an unsworn witness testified for the plaintiff.

Objection was made to the introduction of one of Dalton's letters to Mrs. Bagley, his foster mother, as a part of her testimony. In it, Dalton, after apologizing for delay in writing, etc., states that her letters make him dizzy, one comes "gee" then one comes "haw", that he has experienced sixteen years of married difficulties from which he intends to "get loose gracefully", if he can, and if not, that he will take his "little lady", designated as "N", and go to parts unknown. This letter was admissible only for the purpose of showing the relation existing between the plaintiff and her husband. The objection being general, the letter was properly introduced. This Court has held that a general objection to evidence, admissible for one purpose but improper for another, should be overruled. *Rogers* v. *Engineering Co.*, 101 W. Va. 1; *Huff* v. *Insurance Co.*, 94 W. Va. 663; *Billups* v. *Woolridge*, 80 W. Va. 13; *State* v. *Calhoun*, 67 W. Va. 666; *Lynchburg Cotton Mills* v. *Rives*, 112 Va. 137. But, the court, following the admission of this letter in evidence, over the objection of the defendant, permitted Mrs. Bagley to testify in regard thereto, as follows: "Q. Do you know who N is, that is referred to there? A. Yes. Q. Who? A. He called Mrs. Martin 'Nacomi', a Spanish name, he explained to me, which meant a handful of flowers, or an armful of flowers, I can't remember which." The court erred in admitting this testimony. The letter on its face did not refer to the defendant by name. The instruction given by the court to the effect that the letters were only to be considered by the jury upon the questions of the relation existing between plaintiff and her husband, did not cure the error

here. The substantive proof as to the identity of "N" was an introduction of matter in evidence not contained in the letter —evidence highly prejudicial to the defendant, in view of the fact that the remaining testimony upon the general issue leaves it doubtful whether the affirmative of that issue is sustained. In line with this evidence the foster mother was permitted to state a conversation with the husband of the plaintiff to the effect: "I talked to him on Saturday night, all night, and I accused him with his relationship with her * * * and he first of all denied it. * * * He said 'Well, what of it if it is true? I am the first man who has been with Mrs. Martin since her husband died seventeen years ago.'" The rule is stated in 13 R. C. L. 1478, that: "Ordinarily the declarations of the spouse whose affections are alleged to have been alienated by the defendant, made to the plaintiff or a third person, concerning the words and acts of the defendant and tending to prove the charge made against the defendant are purely hearsay and inadmissible against the defendant." This doctrine also finds support in 30 C. J. 1139, §1011, which is buttressed by *Bourne* v. *Bourne,* 43 Cal. A. 516; *Huling* v. *Huling,* 32 Ill. A. 519; *Kreager* v. *Kreager,* 192 Ind. 242; *Welty* v. *Sparks,* 179 Ia. 1390; *White* v. *Ross,* 47 Mich. 172; *Leavell* v. *Leavell,* 122 Mo. A. 654; *Cochran* v. *Cochran,* 196 N. Y. 86; *Cottle* v. *Johnson,* 179 N. C. 426; *Preston* v. *Bowers,* 13 O. St. 1; *Clendennen* v. *Bainbridge,* 45 S. D. 410. However, such declarations or statements have been held in some jurisdictions to be admissible for the purpose of showing the state of mind of the alienated spouse. This testimony complained of does not fall within this exception. It is merely hearsay evidence and should not have been admitted.

The plaintiff on direct examination was asked if she had any letters from her husband after he came to Princeton, which in any way referred to his affections or lack of affection to her. To this she replied, "Yes, lack of affection. We have letters to that effect." This answer was permitted to go in evidence over the objection of the defendant. The letters were not produced or accounted for. This was error. Al-

though admitting that she received many letters from her husband, but two letters showing good relation between plaintiff and her husband, written in April, 1924, are introduced. This was followed by the introduction of three letters showing disagreements and bad relations, but in no way disclosing reason therefor, written in March, May and June, 1925. Upon cross-examination of the plaintiff, she was asked why she selected that many letters to introduce, instead of giving the whole correspondence between herself and husband between said dates? Upon objection the court refused to permit her to answer. This seems to us to come within the rule of legitimate cross-examination.

The form of the declaration here assumes, of course, the right of a wife to bring suit in her own name, without joining her husband, against a third party, for alienating her husband's affections and enticing and persuading him to quit her company and society, and also depriving her of his aid and protection. This declaration has been held sufficient. Hogg's Pleading & Forms, p. 624. The complaint of the defendant that the first instruction given for the plaintiff, based upon the ground of liability for alienation of the affections of the husband, upon the ground of liability not alleged in the declaration, therefore, is without merit.

The second instruction given at the plaintiff's instance directing in case of finding for the plaintiff that the damages be assessed in such sum as the jury may believe the plaintiff entitled to is improper because it did not require such finding to be made upon the evidence. However, we would not reverse for this error alone where it does not appear that the jury was misled thereby. *Neely* v. *Town of Cameron,* 71 W. Va. 113. Counsel for defendant base their main contention of error in that this instruction does not eliminate or take into consideration elements of damages recoverable for loss of support to the extent that plaintiff's husband may by law be compelled to contribute to her support. They cite *Scott* v. *O'Brien* (Ky.), 16 L. R. A. (N. S.) 742, and *Stocker* v. *Stocker* (Neb.), 36 A. L. R. 1063, in support thereof. From an examination of these cases there appears to have been

judicial proceedings fixing and determining the amount of such support. · The language of the limitation in the instruction "except to the extent that he has contributed or may by law be compelled to contribute to her support", given in the *Kentucky* case, clearly indicates that in that case there had been some proceeding by which the husband had been required to support the wife and the amount of the support fixed. There was no evidence in the instant case, even were it proper to inject such an issue into the case, upon which such a question could have been properly considered and. determined. We are unwilling, in the light of the authorities, to lay it down as a general principle of law. The defendant's claim of error goes alone to three instructions refused her by the Court. The Court gave at her instance five instructions presenting her case very fairly to the jury. Of the three refused, Nos. 3 and 3a violated the rule by calling special attention to certain facts in the evidence and making the case turn on them, ignoring other material facts in the case. *Robinson* v. *Lowe,* 50 W. Va. 75; *Griffith* v. *Coal Company,* 78 W. Va. 34. The remaining instruction was substantially embodied in the instructions given to the jury at the defendant's instance.

The remaining assignments of error, in view of the disposition that must be made of this case, are not necessary now to be considered.

The judgment will be reversed, the verdict of the jury set aside, and the case remanded to the circuit court for a new trial.

*Reversed.*