Statement.

𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

FLESHMAN v. BIBB.

March 16, 1916.

1. BILLS AND NOTES—*Special Endorsement to One—Interest of Third Person—Defenses Against Third Person—Holder in Due Course—Legal Title.*—Though a negotiable note be endorsed specially, before maturity, to one person, while a third person paid one-half of the consideration and was to receive one-half of the proceeds thereof, the endorsee takes the legal title to the whole, is a holder in due course under section 2841-a of the Code (1904), and may maintain an action thereon in his own name, and, in the absence of any evidence that the third person occupied any worse or different position from the endorsee, with reference to the purchase of said note, no defense can be set up against the interest of such third person in the note which could not be set up against the endorsee.

2. BILLS AND NOTES—*Holder in Due Course—Negligence—Fraud.*—The fact that the holder in due course of a negotiable note acted negligently or was affected with suspicious circumstances in taking the note, is not sufficient to defeat his right of action thereon, in the absence of proof of facts amounting to fraud on his part.

Error to a judgment of the Circuit Court of Louisa county in a proceeding by motion for a judgment for money. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The following are copies of the two notes sued on and of the endorsements thereof:

Note.

$150.00                    Louisa, Va., May 30, 1912.

On December 10th, after date, for value received, I promise to pay The Compendium Company, Inc., or order, one hundred and fifty & no dollars.

Negotiable and payable at the Farmers and Merchants Bank of Louisa, Inc., Louisa, Va.

The makers and endorsers of this note hereby waive protest, presentation and notices of dishonor.

The drawers and endorsers of this note hereby waive the benefit of any exemptions under the homestead or bankrupt laws as to this debt.

W. D. FLESHMAN.

(Across face of note.)

Protested December 10, 1912.

Fee, $1.15.

J. A. KENT, *Cashier.*

(Across back of note.)

For value received, we hereby transfer, assign to W. C. Bibb the within note without recourse.

This 31st day of May, 1912.

THE COMPENDIUM CO., INC.,
By J. L. THOMPSON, *Pres.*

Note.

$150.00                    Louisa, Va., May 30, 1912.

On October 10th, after date, for value received, I promise to pay The Compendium Co., Inc., or order one hundred & fifty dollars.

Negotiable and payable at the Farmers and Merchants Bank of Louisa, Inc., Louisa, Va.

The makers and endorsers of this note hereby waive protest, presentation and notices of dishonor.

The drawer and endorsers of this note hereby waive the benefit of any exemptions under the homestead or bankrupt laws as to this debt.

W. D. FLESHMAN.

(Across face of note.)

Protested for nonpayment October 10, '12.

J. A. KENT, *N. P.*

(Across back of note.)

For value received, we hereby transfer and assign to W. C. Bibb the within note without recourse, this 31st day of May, 1912.

THE COMPENDIUM CO., INC.,

By J. L. THOMPSON, *Pres.*

*Hill Carter* and *Gordon & Gordon,* for the plaintiff in error.

*W. C. Bibb* and *D. H. & Walter Leake,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

The judgment under review was obtained by W. C. Bibb upon two notes executed by W. D. Fleshman to the Compendium Company, Incorporated, or order, each dated May 30, 1912, and each endorsed as follows: "For value received, we hereby transfer and assign to W. C. Bibb the within note without recourse. This 31st day of May, 1912. The Compendium Company, Inc., by J. L. Thompson, Pres." It appears that one-half of the consideration for this assignment was furnished by W. W. Smith, and that he was equally interested therein with Bibb.

The underlying grounds of all the defenses relied upon were fraud in the procurement of the contract and failure of consideration; and the first contention of the plaintiff in error arises out of the refusal of the trial court to instruct the jury as follows: "If you shall believe from the evidence that W. W. Smith paid one-half of the purchase money for said notes, but that they were endorsed, not to him, but to W. C. Bibb, and you further believe that the notes were fraudulent, that is given because of false representation known to company's agents to be so, or given for territory which was valueless, then as to said Smith interest in said notes you will find for the defendant, whether he had any actual knowledge of the fraud or not."

Closely related to the foregoing instruction was a second one, also offered by the plaintiff in error and refused, in which the court was requested to tell the jury "that the plaintiff had not shown that the endorsement to him of the notes in suit vested in him the legal title to said notes, and they must find for the defendant."

The argument advanced to support these instructions is that, in view of Smith's interest, Bibb could not become a holder in due course as to more than one-half interest in the notes; that as Bibb took the assignment not as sole owner but in part for the benefit of another, he did not acquire the notes regularly and in due course, even as to his own half interest; and that, therefore, he took them only as choses in action subject to any defenses which would be good against the original payee.

There is nothing shown or claimed which places Smith in any worse position than Bibb, or in any different position from him, with reference to the purchase of these notes, except the mere fact that the assignment is made solely to Bibb. Under this state of facts we have no hesitancy in deciding that Bibb was the holder in due course of the notes sued on, within the meaning of the act known as the "negotiable instruments law," appearing as section 2841-a of the Code of 1904; that as such holder he had the right to maintain the action in his own name; and that no defense could be made in the case affecting Smith, except such as would also be good against Bibb. The statute referred to was intended to embody in one act all the statutory law of the State and all of the rules of the law merchant on the subject of negotiable instruments (*American Bank* v. *McComb,* 105 Va. 473, 476, 54 S. E. 14). Its construction and application should tend to simplify and facilitate, not to confuse and impede, trade and commerce in and by means of negotiable paper. The conclusion that Bibb was a holder in due course, with all the rights appertaining to such a position, is in accord with a just and proper public policy, and is supported by the terms of the statute as well as by con-

vincing authority from other sources. See Code, sec. 2841-a, cl. 37, 51, 52 and 57; 2 Daniel on Neg. Instruments (5th Ed. 1913), secs. 1181-a, 1191, 1192; 3 Ruling Case Law, secs. 199, 200; *Green* v. *McAuley,* 70 Kan. 601, 79 Pac. 133, 68 L. R. A. 308; *Manley* v. *Park,* 68 Kan. 400, 75 Pac. 557, 66 L. R. A. 967, 1 Ann. Cas., p. 833 and note.

The next and only remaining assignment of error is based upon the action of the trial court in excluding from the jury, as it did, all of the defendant's evidence on the ground that there was nothing in the case showing or tending to show any defect in Bibb's title to the notes.

In passing upon this assignment, we deem it unnecessary, for reasons which will presently become obvious, to set out the evidence at any great length. The notes in suit were given by Fleshman to the Compendium Company in consideration of the right to sell, as the sole agent of the company in specified territory, certain form books for keeping farmers' accounts. If it be conceded, as it may be for the purposes of this opinion, that the territory was sold and the notes procured upon representations which were false and fraudulent, the evidence, as we think, is nevertheless wholly insufficient to raise any question for the jury as to the good faith of the defendant in error in his purchase of the notes. *Prima facie* his title was free from any taint of bad faith (Code, sec. 2841-a, 59), and nothing appears in the evidence which can be held to shift upon him the burden of proof.

The notes were sold the next day after their execution at a discount of twenty *per cent.;* they were made by parties who were perfectly solvent; they were sold, along with certain other notes of the same date and amount to the same purchasers; the company was getting rid of all these notes preparatory to leaving the county at once; and the officer of the company who made the sale to Bibb, though introduced to him by an agent whom Bibb knew well, was himself a stranger to Bibb. It is claimed that these facts, viewed with the further fact that Bibb

knew the nature of the consideration for which the notes were given, were sufficient to put him upon inquiry which should have led him to a discovery of the alleged fraud and failure of consideration. An entirely sufficient answer to this claim is found in the fact that Fleshman himself testifies, in effect, that he did not suspect any fraud or failure of consideration at the time Bibb bought the notes. An inquiry addressed to the maker, therefore, would not have informed Bibb of any fraud.

"Those who execute negotiable paper and set it afloat are chargeable with a much higher degree of diligence and caution than those who purchase such paper in due course of commercial transactions." *Vaughan* v. *Johnson,* 20 Idaho 669, 119 Pac. 879, 37 L. R. A. (N. S.) 816, 818.

In our view of the evidence, if the defendant in error can be said to have acted negligently or to have been affected by suspicious circumstances in taking the notes, this certainly is the most that.can be charged against him, and this, in the absence of proof of facts amounting to fraud on his part, is not sufficient to defeat his right of action. *City Nat'l Bank* v. *Hundley,* 112 Va. 51, 54, 70 S. E. 494; *Frank & Alder* v. *Lillienfield,* 33 Gratt. (74 Va.) 377, 389-90; 1 Dan. Neg. Inst. (5th Ed.), sects. 774, 775, 796; 3 Ruling Case Law, sec. 278.

There is no error in the judgment complained of; and it will be affirmed.

*Affirmed.*