# Richmond.

## W. A. CRUM v. H. C. HANNA.

### November 13, 1924.

1. NEGOTIABLE INSTRUMENTS—*Fraud in Procurement—Knowledge of Holder—Reputation of Plaintiff—Striking Out Defendant's Evidence—Case at Bar.*—In the instant case, an action upon negotiable bonds, the defense was based upon the claim that the plaintiff, the holder of the bonds, knew that the bonds had been procured by fraud. There was no direct evidence to support this contention. There was nothing at the time of transaction which casts any imputation whatever upon the good faith of plaintiff. Defendant sought to show that the general reputation of the plaintiff for truth, veracity, honesty and fair dealing was not good. In this attempt he failed. The court struck out the evidence introduced on the behalf of the defendant.

   *Held:* That while the propriety of the court's action in so far as it related to the general reputation of the plaintiff was questionable, it was clearly right as to the other facts because they all occurred after the acquisition of the bonds by plaintiff and none of them tended to show fraud on the part of the plaintiff.

2. NEGOTIABLE INSTRUMENTS—*Action on Negotiable Bonds—Striking Out Testimony Regarding Plaintiff's Character—Harmless Error—Case at Bar.*—In the instant case, an action upon negotiable bonds, the defense was fraud in the procurement of the bonds. Defendant introduced evidence in regard to plaintiff's character for veracity and honesty. The court struck out all the defendant's evidence. The testimony relating to the character of the plaintiff appeared to be inconclusive as well as quite immaterial, because almost every fact and circumstance relied upon by the defendant was also shown by the plaintiff's own testimony.

   *Held:* That the court's ruling, if erroneous, was harmless.

3. NEGOTIABLE INSTRUMENTS—*Fraud in Procurement—Evidence to Prove—Case at Bar.*—In the instant case, an action upon negotiable bonds, where the defense was that the bonds were procured by fraud, giving all of the evidence relied upon by defendant to defeat the action, its full effect, even if plaintiff could be said to have acted negligently, or to have been affected with notice of any suspicious circumstances

before he bought the bonds, that was all that could be charged against him.

*Held:* That in the absence of proof of facts amounting to fraud on part of plaintiff, such evidence was insufficient to defeat his right of action.

4. NEGOTIABLE INSTRUMENTS—*Holder in Due Course—Case at Bar.*—In the instant case, an action upon two negotiable bonds, each for $500.00, the bonds were obtained by the fraudulent representations of the agents of a corporation, and were purchased by the plaintiff two days after they were executed at a discount of $25.00. Defendant failed to establish knowledge of plaintiff of the fraud in the procurement of the bonds at the time he bought them.

*Held:* That plaintiff was a holder in due course of the bonds under sections 5614, 5618, and 5621 of the Code of 1919.

Error to a judgment of the Circuit Court of Augusta county, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Curry & Curry*, for the plaintiff in error.

*Jos. A. Glasgow* and *Rudolph Bumgardner*, for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

[1] W. A. Crum (defendant) is here complaining of a judgment against him in favor of H. C. Hanna (plaintiff), based upon two negotiable bonds, each for $500.00, given for the purchase of stock in the American Fuel Company. The bonds were dated December 10, 1920, payable to Crum's own order, endorsed by him and purchased by Hanna the day after the bonds were executed at a discount of $25.00. That the bonds were obtained by the false and fraudulent representations of the agents of the American Fuel Company is

shown, and for the purposes of the case it may be con-
ceded that the stock for which they were given was
worthless. The defense is based entirely upon the
claim that Hanna, the plaintiff, knew that the bonds
had been procured by fraud. It is conceded that
there is no direct evidence to support this contention.
The plaintiff showed the circumstances under which he
obtained the bonds, and there was nothing at the time
of the transaction which casts any imputation what-
ever upon his good faith. He had himself purchased
two shares of the stock of the company early in 1920 and
seven shares late in 1920, both before the purchase of
the bonds here involved. He also was deceived, as
was Crum, the defendant, who had previously sub-
scribed to stock in the company, by the false and
fraudulent representations of the agents of the company.
Nearly all of the evidence introduced by the defendant
is that which tends to show that the stock is worthless
and that the representations under which it was sold
were false and fraudulent. In addition to this, there
is evidence that Hanna, before the fraud was discovered,
thought well of other bonds of a similar nature which
the agents of the company had taken for stock; that
he bought two of such other bonds; and that he assisted
in the sale of another, for which he was paid $10.00.
All of this, however, occurred after he had purchased
the bonds here involved. Crum also sought to show
that the general reputation of the plaintiff for truth,
veracity, honest and fair dealing was not good. In this
attempt he certainly failed. Several witnesses were
introduced who declined to sustain such an imputation,
and some who also showed that they had no sufficient
knowledge to justify such a conclusion. Two of these
witnesses, both of whom were hostile to the plaintiff,
testified that his reputation was bad.

[2] After all of the evidence was submitted, the court, upon motion of the plaintiff, struck out the evidence introduced on behalf of the defendant. The propriety of this ruling may be the subject of some question, in so far as it related to the general reputation of the plaintiff, but it was clearly right as to the other facts and circumstances sought to be proved, because they all occurred after the acquisition of the bonds here involved, and none of them even tended to show any fraud on the part of the plaintiff. The testimony relating to the character of the plaintiff appears to be inconclusive as well as quite immaterial, because almost every fact and circumstance relied upon by the defendant is also shown by the plaintiff's own testimony, so that the ruling, if erroneous, was harmless. If all of the excluded evidence had been admitted, it was clearly insufficient to show that the plaintiff was guilty of any fraud in the purchase of these bonds, and hence the jury could not properly have rendered any other verdict than one in favor of the plaintiff.

[3] The case is ruled here by *Fleshman* v. *Bibb*, 118 Va. 582, 88 S. E. 64, which in its essential facts is like this case. Even if after giving all of the evidence relied upon by Crum to defeat the action its full effect, and even if Hanna could be said to have acted negligently, or to have been affected with notice of any suspicious circumstances before he bought the bonds, this is all that can be charged against him. This is insufficient, for in the absence of proof of facts amounting to fraud on his part, such evidence is insufficient to defeat his right of action.

[4] That Hanna is a holder in due course is manifest. Code sections 5614, 5618 and 5621.

The judgment is plainly right.

*Affirmed.*