# O. N. COLLIER, ETC.

## v.

# CHARLES M. RICE

Record No. 840750

June 12, 1987

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell, and Thomas, JJ., and Cochran, Retired Justice

*Conrad J. Marshall* for appellant.
*Lawrence E. Freedman* for appellee.

RUSSELL, J., delivered the opinion of the Court.

This appeal questions the sufficiency of the evidence to support a finding that a warranty on a truck engine had been breached.

Charles M. Rice owned a 1973 Chevrolet pick-up truck which was used, primarily by his wife and employees, in the operation of a horse farm at Great Falls, Virginia. In March 1982, the truck's engine block cracked. Mr. and Mrs. Rice discussed the problem with O.N. Collier, an automobile mechanic with 27 years experience, who operated an auto repair business at Great Falls. The parties agreed that Mr. Collier would replace the engine for $1,500, consisting of $1,200 for materials and $300 for labor. Mrs. Rice testified that the agreement contemplated installation of a new engine for that price; Mr. Collier testified that he had only agreed to install a rebuilt engine. Mrs. Rice testified that she asked Mr. Collier "to maintain the truck and to take care of it," to which he agreed. Mr. Collier testified that he "guaranteed his work for a period of one year" but that he gave no warranty covering abuse or neglect of the engine.

Mr. Collier installed a rebuilt engine in the truck in early April 1982, and Mr. Rice paid him $1,500. The cooling system contained an anti-freeze solution when the repairs were completed. The Rices used the truck to haul a loaded double horse trailer, and it was driven about 800 miles during the remainder of 1982. In mid-June, the engine overheated and it was found that the water pump had failed. Mr. Collier replaced the water pump and installed new anti-freeze. In July, August, and again in October, the truck developed electrical and brake problems which Mr. Collier repaired. On December 13, the engine overheated and emitted steam soon after it was started. Mr. Collier examined it and determined that water in the engine block had frozen and expanded, cracking the block and damaging it beyond repair. Qualifying as an expert witness, he testified that the damage could have resulted

from either of two causes: (1) an inadequate concentration of anti-freeze during freezing weather, or (2) pouring cold water into the radiator when the engine was overheated. No evidence was offered to explain the actual cause of the damage.

Mrs. Rice testified that she knew nothing about cars and that she never checked the levels of anti-freeze or other fluids in the truck except fuel, nor asked to have these fluids checked when she took the truck to service stations. She stated that she relied on Mr. Collier to "take care of" the truck. Mr. Collier testified that although the truck was brought to him for the specific repairs noted above, he was never asked to check anti-freeze or other fluids, that he never agreed generally to "take care" of the truck, and that he warranted only his work and the parts he installed.

Mr. Rice brought this action against Mr. Collier, seeking recovery of the cost to repair the truck by replacing the engine. At a bench trial, the court found that Mr. Collier had agreed to install a new engine and that he had given the Rices an "unconditional warranty" for a period of one year. Further finding that the warranty had been breached, the court awarded Mr. Rice judgment in the amount of $2,100, the estimated cost of replacing the engine.

■ Pursuant to familiar rules governing appellate review, we accept that version of the conflicting evidence most favorable to Mr. Rice, the party who prevailed below. Thus, we assume that the agreement between the parties provided for a new engine and an unconditional guarantee on labor and materials for a period of one year. Under this version, the term of the agreement providing for a new engine was clearly breached, but no damages flow from that breach and none are claimed. The sole evidence in the case was that the cracking of the engine block would have occurred in the same way, from either of the two causes mentioned above, whether the engine was new or rebuilt.

Significantly, the trial court did not find that Mr. Collier had agreed, as Mrs. Rice testified, "to maintain the truck and to take care of it." Rather, the court found that the engine had been "unconditionally warranted" for one year.

■ An unconditional warranty is not insurance against all contingencies. *See Jones* v. *Lykes Bros. Steamship Co.*, 204 F.2d 815, 816-17 (2nd Cir.), *cert. denied*, 346 U.S. 857 (1953). A plaintiff seeking to recover for any breach of warranty has the dual burden of proving the pertinent terms of the warranty and

the fact that those terms were breached. "[O]ne who complains of the breach must show the breach." *Hoge* v. *Prince William Exchange*, 141 Va. 676, 682, 126 S.E. 687, 689 (1925). Here, the only evidence in the record is that the engine block failed, not as a result of any deficiency in its material, inadequacy of its design, or impropriety in its installation, but rather due to an extraneous cause for which the mechanic who installed it was not responsible. The trial court did not find the terms of the warranty to be as the plaintiff contended, and the record is devoid of evidence to support the trial court's finding that the warranty was breached.

Accordingly, we will reverse the judgment and enter final judgment here for the defendant.

*Reversed and final judgment.*