# Wytheville

### A. Budowitz v. Commonwealth, ex rel., etc.

#### June 14, 1923.

1. APPEAL AND ERROR—*Supersedeas and Stay of Proceedings—Suspending Bond—Period of Suspension—Case at Bar.*—Code of 1819, section 6338, providing for a suspending bond upon application for a writ of error and supersedeas, requires the time of such suspension to be specified in the order. In the instant case the time specified in the order suspending the judgment was sixty days, and as the order spoke in the present tense, it was immediately effective, and suspended the judgment from its date, February 19th. The suspension, however, was upon condition that the suspending bond be executed on or before March 5th.

    *Held:* That in legal effect this was a suspension for sixty days from the date of the order, if the condition should be performed, and not for sixty days from the date of the execution of the bond.

2. FRAUDS, STATUTE OF—*Supersedeas and Stay of Proceedings—Action on Suspending Bond—Evidence as to Collectibility of Judgment—Case at Bar.*—In the instant case, an action on a suspending bond, the issue involved was whether or not, but for the suspension, the judgment creditor could have collected its judgment, or any part thereof, by means of garnishment of rents due by the tenants of the judgment debtor; therefore, whether or not these rents were liable to garnishment was a vital question. The trial court refused to permit a witness to answer a question as to whether the judgment debtor had assigned and transferred the rents on property owned by him in consideration of the assignee forbearing to foreclose a deed of trust, on the ground that as the forbearance to foreclose was indefinite, the contract was required to be in writing.

    *Held:* Error.

3. FRAUDS, STATUTE OF—*Contracts which May or May Not be Performed within a Year—Time of Performance Indefinite.*—Section 5561 of the Code of 1919, 7th clause, providing that no action shall be brought upon any agreement that is not to be performed within a year unless such agreement be in writing, applies only to contracts which show affirmatively that the performance thereof is postponed beyond the period of one year, and it does not apply to such contracts as may or may not be peformed within that period.

4. Appeal and Error—*Supersedeas and Stay of Proceedings—Action on Suspending Bond—Burden of Proof to Show Collectibility of Judgment—Admissibility of Evidence.*—In an action on a suspending bond the issue was whether or not the execution creditor could have collected his debt but for the suspension. Whether he could have done so or not was a question to be determined by taking all of the attendant circumstances into consideration. The burden was upon the plaintiff, not simply to suggest the possibility that, but for the suspension, the execution could have been collected, but to show by a fair preponderance of the evidence either the certainty or the probability of this result. Every fact then which would aid the jury in determining this issue should be held admissible.

5. Appeal and Error—*Supersedeas and Stay of Proceedings—Collectibility of Judgment but for the Suspension—Evidence on the Financial Situation of the Debtor—Expert and Opinion Evidence—Collective Facts Rule—Case at Bar.*—In the instant case, an action on a suspending bond, it was error to refuse to permit a witness who said he was perfectly familiar with the financial situation of the debtor, owing to the fact that he was the trustee in a deed of trust upon the debtor's real estate, and that, representing the creditors, he had made an investigation of the debtor's financial condition, to answer a question as to whether or not the debtor was insolvent at the date of the order suspending the judgment. The witness's answer was not such an opinion as is excluded under the opinion evidence rule, but was admissible under what is called the collective facts rule, as an inference drawn by the witness after a study of all the pertinent facts.

6. Appeal and Error—*Supersedeas and Stay of Proceedings—Action on Suspending Bond—Collectibility of Judgment but for Suspension—Evidence—Payment of Taxes by Judgment Debtor.*—In the instant case, an action on a suspending bond, where the question at issue was whether or not, but for the suspension of the judgment, the judgment creditor could have collected the judgment, the refusal of the trial court to permit the defendant to prove that the taxes on the judgment debtor's property for two years were unpaid, was error.

7. Appeal and Error—*Supersedeas and Stay of Proceedings—Action on Suspending Bond—Instructions—Case at Bar.*—In the instant case, an action on a suspending bond under section 6338 of the Code of 1919, the question at issue was whether or not, but for the suspension, the judgment creditor could have collected its judgment, or any part thereof, by means of garnishment of rents due by the tenants of the judgment debtor. The court refused to grant an instruction to the effect that if the jury belived that the debtor's financial condition was such that, had garnishment been issued, he would have been put into bankruptcy or the property sold under a deed of trust before such rents could have accrued, they should find a verdict only for the

amount that the plaintiff could have collected by law from the judgment debtor.

*Held:* Error.

8. APPEAL AND ERROR—*Supersedeas and Stay of Proceedings—Action on Suspending Bond—Instructions—Case at Bar.*—In the instant case, an action on a suspending bond under section 6338 of the Code of 1919, the question at issue was whether or not, but for the suspension, the judgment creditor could have collected its judgment, or any part thereof, by means of garnishment of rents due by the tenants of the judgment debtor. It was error to refuse an instruction to the effect that the burden of proof was on the plaintiff to show its damage, and that mere proof that rents were paid is not enough, as the plaintiff must show that, under all the circumstances, he could have collected the rents but for the suspension.

Error to a judgment of the Corporation Court of the city of Danville, in an action on a suspending bond under Code of 1919, section 6338. Judgment for relator. Defendant assigns error.

*Reversed and remanded.*

The opinion states the case.

*Harris & Harvey*, for the plaintiff in error.

*Withers, Brown & Leigh*, for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The plaintiff in error, Budowitz, hereafter called the defendant, complains of a judgment against him in favor of the Commonwealth of Virginia, at the relation and for the benefit of the Virginia Fur and Hide Co., Inc., hereafter called the plaintiff. The action is based upon a suspending bond, provided for by Code, section 6338.

The Virginia Fur and Hide Co., Inc., on February 19, 1921, recovered a judgment against N. Klaff, and upon the motion of Klaff this order was entered: "And the

said defendant intimating to the court his intention to apply to the Supreme Court of Appeals of Virginia for a writ of error and supersedeas to the judgment aforesaid, it is ordered that the same be suspended for sixty days upon the said defendant, or some one for him, executing before the clerk of this court, on or before the 5th day of March, 1921, bond with approved security in the penalty of $750.00 and conditioned according to law."

The suspending bond thereby provided for was executed by Klaff as principal and the defendant, Budowitz, as security, March 5, 1921. The declaration in substance alleges that Klaff did not secure any writ of error and supersedeas to the judgment within the sixty days, and that because of the suspension of the judgment he was prevented from subjecting certain rents due to Klaff, which but for such suspension he could have collected by legal process.

The defendant pleaded to the action and there was a jury trial, resulting in a judgment for the plaintiff, which is here under review.

It is assigned as error that the court misconstrued the effect of the suspending order and bond, in that instead of holding that the judgment was suspended for sixty days from February 19, the date of the order, it construed this order to provide for a suspension from its date to March 5, the date when the bond was executed and for sixty days thereafter, aggregating seventy-four days. In accordance with this view, the court admitted evidence of payments of rent to Klaff, the judgment debtor, after the expiration of sixty days from February 19th; and also, "In passing upon one of the objections raised as to the admissibility of evidence, the court stated in the presence and hearing of the jury, that the effect of the order of February 19, 1921, in allowing to

the defendant, N. Klaff, a suspension of judgment then rendered against him, was to suspend such judgment from that date to March 5, 1921, the date on which the suspending bond was executed, and for sixty days thereafter.    That is, the total suspension being from February 19, 1921, to May 4, 1921, and the damage accruing to the plaintiff, if any, within that period was covered and protected by the execution of the bond."

The proper construction of the statute, Code, section 6338, the order referred to, and the bond executed pursuant thereto, is the question presented.

[1] It is observed that the statute expressly requires the time of such suspension to be specified in the order.    This requirement was observed in the order here involved, which has already been quoted, and it appears therefrom that the time specified is sixty days; that it speaks in the present tense, and, as correctly construed by the trial judge, was immediately effective, and suspended the judgment from its date, February 19.  We find nothing here to indicate that the judgment was in any event to be suspended for a greater period than sixty days from the date on which the order was entered and became operative.    This suspension for sixty days, however, was upon condition that the suspending bond be executed on or before March 5th.    If the condition had not been fulfilled, there would have been no sixty days suspension, and only upon and because of its performance did the sixty day suspension thereby become operative.    The suspension was as effective in the interval between February 19 and the date on which the bond was executed as if the bond had been executed on February 19th.    If the bond had not been given on or before March 5th, there would have been no suspension. In its legal effect it was a suspension for sixty days from the date of the order if and only if the condition should

be performed.   It follows from this that we are of opinion that the court erred in its interpretation of the order, and that the suspension provided for expired sixty days after February 19, 1921.

[2, 3] Another error assigned grows out of the exclusion of testimony which would have been given by the witness, Malcolm K. Harris.   He was introduced by the, plaintiff, but on cross-examination was asked by the defendant if, prior to the 19th day of February, 1921, Klaff had assigned and transferred the rents on property owned by him.   The court sustained an objection by the plaintiff and refused to permit the witness to answer the question.   If he had been allowed to answer the question, he would have testified: "That some time in the month of January, 1921, the American National Bank of Danville, Va., was the holder of a certain note for $8,000.00, secured by a deed of trust on the abattoir and Wilson street properties, in which the witness was trustee; that the said bank was anxious to have the deed of trust foreclosed in order to get its money and N. Klaff was begging for additional time in which to make settlement; that at the time indicated, that is in January, 1921, a representative of the bank and N. Klaff met in the office of witness in the city of Danville with Isaac Klaff, of Norfolk, Va., who is a relative of the said N. Klaff, and that an agreement was reached among the parties, in the presence of the witness, whereby the said Isaac Klaff was to purchase said note from the American National Bank, taking an assignment thereof, which was done and that in order to obtain further time in which to raise the money to settle the said note, the said Isaac Klaff agreed to hold the same until such time as the said I. Klaff should determine to have the trust deed foreclosed on condition that N. Klaff would assign to him the rents accruing thereon until such time as said

note should be paid or the deed of trust securing same should be foreclosed, the assignments of said rents being verbal; that said note was not paid by the said N. Klaff and the deed of trust securing the same was not foreclosed until the 13th day of May, 1921."

The issue involved was whether or not, but for the suspension, the judgment creditor could have collected its judgment, or any part thereof, by means of garnishment of rents due by the tenants of Klaff, the judgment debtor, during the period when the judgment was suspended; so that whether or not these rents were liable to garnishment was a vital question. If true that the judgment debtor had in good faith and for valuable consideration, assigned them to Isaac Klaff prior to February 19, 1921, and that he was in fact the owner of such rents, then no such garnishment of them would have been effective. It is stated in the brief for the defendant here, that the reason the trial court excluded the evidence was "because the time for the continuance of the forbearance to foreclose was indefinite, the contract was required to be in writing under the seventh clause of the statute of frauds, Code, section 5561." If this was the reason, we think it was unsound. It is settled that this clause of the statute is applied to contracts which show affirmatively that the performance thereof is postponed beyond the period of one year, and that it does not apply to such as may or may not be performed within that period. *Seddon* v. *Rosenbaum*, 85 Va. 928, 9 S. E. 326, 3 L. R. A. 337; *Thomas* v. *Armstrong*, 86 Va. 323, 10 S. E. 6, 5 L. R. A. 529; *Richmond, etc., Ry. Co.* v. *Richmond, F. & P. Ry. Co.*, 96 Va. 675, 32 S. E. 787.

The court also sustained an objection by the plaintiff to another question asked the same witness. The question was, in substance, whether or not Klaff was insol-

vent on the 19th day of February, 1921, and for sixty days thereafter, and the answer of the witness would have been:

"I was perfectly familiar with the financial situation of N. Klaff on the 19th day of February, 1921. Being trustee in deed of trust on all his real estate, securing certain debts and representing the creditors so secured, I had made investigation of N. Klaff's financial condition and was perfectly familiar therewith. He was at that time wholly insolvent and remained so for several months thereafter. All of the said N. Klaff's real estate conveyed in the deed of trust aforesaid was sold by me as trustee on the 13th day of May, 1921, and the amounts realized therefrom were insufficient to pay the costs and expenses of the sale and the debts secured therein."

[4, 5] In ruling upon this exception, we do not deem it necessary to follow the discussion in the briefs as to what is insolvency, within the meaning of the various statutes referring to that subject. The issue here was whether or not the execution creditor could have collected his debt but for the suspension. Whether he could have done so or not is a question to be determined by taking all of the attendant circumstances into consideration. The burden was upon the plaintiff, not simply to suggest the possibility that but for the suspension the execution could have been collected, but to show by a fair preponderance of the evidence either the certainty or the probability of this result. Every fact then which would aid the jury in determining this issue should be held admissible. The witness says that he was perfectly familiar with the financial situation of the debtor on the date referred to, because he was the trustee in the deed of trust upon the debtor's real estate, and that, representing the creditors, he had made an inves-

tigation and acquired such familiarity.   It seems to us that it would be difficult to find a witness who was in a better position to testify on this point.   It was not such an opinion as is excluded under the opinion evidence rule; it was an inference drawn by the witness after a study of all of the pertinent facts available to him, and was the statement of his conclusion therefrom, admissible upon what is called the collective facts rule.   From several facts within his knowledge, the witness had satisfied himself of the existence of a certain other fact, and this conclusion, if the known facts justified it, was worthy of the consideration of the jury.   He was, of course, subject to cross-examination, and the weight to be attached to his testimony would have been determined by the facts disclosed by him as the basis of his conclusion.

We are of opinion that the evidence was clearly admissible, and that the court erred in excluding it.

[6] The court refused to permit the defendant to prove that the taxes for the years 1920 and 1921 were at the time unpaid.  This, too, we think was error, because taxes are a debt of high dignity, and the collecting officers had the same right to institute garnishment proceedings as the judgment creditor had.   As to the taxes of 1921, Code, section 2271, provides that there shall be a lien for the current year upon rents derived from real estate.  The court should have admitted this testimony. It was certainly not a conclusive defense to the action, and was, perhaps, of little value, but it tended to show the financial condition of N. Klaff, and this was material.

[7, 8] The court was asked by the defendant to grant two instructions, both of which were refused.   These instructions read thus:

2. "The court instructs the jury that the measure of

damages in this cause is the damage the plaintiff might have suffered by reason of the suspension, and the court tells the jury that to have collected the rents shown in evidence the plaintiff would have been obliged to issue a garnishment and that if the jury believe that Klaff's financial condition was such that had such garnishment been issued he would have been put into bankruptcy or the property sold under the deeds of trust before said rents could have accrued, they shall find a verdict only for the amount that the plaintiff could have collected by law from Klaff. And the burden of proof is on the plaintiff to show not only that rents accrued and were paid but that same could have been collected by law by the plaintiff had the judgment not been suspended."

3. "The court instructs the jury that the burden of proof is on the plaintiff to show its damage. Mere proof that rents were paid is not enough. The plaintiff must show that under all the circumstances he could have collected said rents but for said suspension."

It follows from what we have said already that we think the court erred in refusing these instructions. They state the principles of law applicable to the admitted facts of this case.

A part of the recovery of the plaintiff is based upon the fact that on the 26th day of April, 1921, after the suspension had expired, N. Klaff collected $170 rent from one of his tenants. At that time the suspending order interposed no obstacle to the interception of this amount by garnishment process, for the suspension had expired. As to this amount the judgment is plainly wrong.

For the reasons indicated, we shall reverse the judgment and remand the case for a new trial to be had according to law.

*Reversed.*