Syllabus.

## Richmond.

### BARBEE v. MURPHY, ETC.

January 19, 1928.

Absent, Burks, J.

1. APPEAL AND ERROR—*Proceeding to Remove Sheriff from Office—Conviction Under One Specification of Charges Equivalent to Acquittal Under the Other Specification.*—The rule against a sheriff in a proceeding for his removal contained two specifications: The first specification charged the sheriff with appearing in a public place in a state of intoxication; the second specification charged the sheriff with unlawfully, wilfully, and tacitly neglecting and refusing to enforce the prohibition law. The jury found the sheriff "guilty of. the second specification."

   *Held:* That a conviction under the second specification only was an acquittal of the charge of being intoxicated in a public place. And this being true, the defendant was not prejudiced by any ruling of the court touching the introduction of testimony tending to prove that the sheriff was guilty of being intoxicated in a public place.

2. APPEAL AND ERROR—*Suspension of Judgment on Appeal—Discretion of Trial Court.*—Code of 1919, section 6338, requires that, at the instance of any person desiring to present a petition to the Supreme Court of Appeals for an appeal or writ of error, the trial court shall suspend the execution of its judgment, decree or order for a reasonable time, which shall be stated in the order. The statute leaves it to the sound judicial discretion of the trial court, or judge thereof, to determine what is a "reasonable time" under the circumstances surrounding the particular case, and the Supreme Court of Appeals will not reverse the action of the trial court unless that discretion has been abused to the prejudice of the petitioner.

3. APPEAL AND ERROR—*Suspension of Judgment on Appeal—Discretion of Trial Court—Case at Bar.*—In the instant case, an appeal from a judgment removing a sheriff from office, a suspension of the execution of the judgment was granted for thirty days by the trial court. While the thirty days suspension seemed to be rather short, it did not appear that the rights of the sheriff .were in any way prejudiced by lack of time in which to secure the necessary copies of the record

and present to one of the judges of the Supreme Court of Appeals his petition for a writ of error. Therefore, an assignment of error to the action of the trial court in allowing defendant only thirty days suspension of the judgment was without merit.

4. SHERIFFS AND CONSTABLES—*Removal of Sheriff—Petition for Removal Failing to Allege that the Offenses Charged Occurred During the Sheriff's Present Term of Office.*—In the instant case, a proceeding to remove a sheriff from office, the petition for removal nowhere alleged that at the time of the grievances complained of defendant was sheriff of the county.

*Held:* That as it should have alleged that the grievances occurred during his present term of office as sheriff, the petition was demurrable.

5. SHERIFFS AND CONSTABLES—*Removal of Sheriff—Petition for Removal Failing to Allege that the Offenses Charged Occurred During the Sheriff's Present Term of Office—Harmless Error.*—Where in a proceeding for removal of a sheriff the petition for his removal failed to state that the offenses charged against the sheriff occurred during his present term of office as sheriff, the error is cured where the court permitted the filing of the "Specifications of Amended Rule" in which the grounds of removal were limited to two charges, which were stated therein with reasonable accuracy and detail.

6. APPEAL AND ERROR—*Amendments—Party not Injured by the Amendments. —Case at Bar.*—In the instant case, a proceeding for the removal of a sheriff, defendant objected to the filing of amendments to the rule after the Commonwealth had completed its evidence in chief and some testimony had been introduced by the defendant. The defendant was not taken by surprise and did not ask for a continuance when the amendments were filed and failed to show how his rights were prejudiced. He was in fact benefited by having the inquiry limited to two charges.

*Held:* That defendant had no right to complain as he could not show that his rights were violated.

7. AMENDMENTS—*Policy of the Law.*—It is the policy of the law in this State, in order to attain the ends of justice, to allow amendments to pleadings at any time before final judgment, upon such terms as may be necessary to protect the rights of the parties.

8. SHERIFFS AND CONSTABLES—*Proceeding to Remove Sheriff—Charge that Sheriff "Wilfully, Tacitly, Neglected" to Enforce the Prohibition Law—Surplusage—Case at Bar.*—In a proceeding against a sheriff for his removal from office it was charged that the sheriff "wilfully, tacitly, neglected" to enforce the prohibition law. Defendant objected that this specification charged the sheriff with a "vague dereliction of duty not covered by the statute," because it contained the word "tacitly." The statute (section 2705 of the Code of 1919) provides that any officer who shall knowingly or wilfully neglect to perform

any duty enjoined upon such officer by any law of this State may be removed from office.

*Held:* That the word "tacitly" did not enlarge the scope of the offense charged. It simply described the manner in which the sheriff neglected and refused to enforce the law, and might be treated as surplusage.

9. Sheriffs and Constables—*Removal of Sheriff from Office—Failure to Enforce the Prohibition Law—Evidence Held Sufficient to Support Verdict of Guilty Against Sheriff.*—The instant case was a proceeding for the removal of a sheriff under section 2705 of the Code of 1919, for nonfeasance in failing to enforce the prohibition law. From the evidence the jury were well warranted in believing that the sheriff knew the prohibition law was being outrageously violated in his county; that he admitted that he was exceedingly inactive in its enforcement; and that he did not claim to have made any effort to enforce it.

*Held:* That the evidence warranted a verdict of guilty.

10. Intoxicating Liquors—*Sheriffs and Constables—Duty of Sheriff under Section 46 of the Prohibition Law.*—Under section 46 of the prohibition law (Code of 1924, section 4675 (46) ) it is the duty of a sheriff to enforce the law. This duty is not discharged by simply executing warrants which are placed in his hands. He must not shut his eyes, or close his ears, to what he might see and hear. He must be active and vigilant, and pursue those who he has cause to believe are violating the law, and, if guilty, use all proper efforts to secure their conviction.

11. Appeal and Error—*Error in Giving or Refusing Instructions, or in the Admission of Evidence, where no other Verdict could have been Found by the Jury.*—Where under the evidence properly admitted no other verdict could have been found by the jury than that found against defendant, defendant was not prejudiced by the action of the court in giving or refusing instructions, or in the admission of evidence, and the appellate court will not consider assignments of error as to these matters.

Error to a judgment of the Circuit Court of Prince William county, in a proceeding for the removal of the sheriff of the county. To a judgment removing the sheriff from office defendant assigned error.

*Affirmed.*

The opinion states the case.

*H. Thornton Davies* and *Robert A. Hutchison,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Leon M. Bazile* and *Edwin H. Gibson, Assistant Attorneys-General,* and *Thomas H. Lion,* for the defendants in error.

WEST, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Prince William county, removing Charles A. Barbee from the office of sheriff of the county.

On October 4, 1926, J. J. Murphy, president of the Law Enforcement League, and R. H. Duvall filed a petition of complaint and motion, in writing, in the Circuit Court of Prince William county, under section 2705 of the Virginia Code, asking that Charles A. Barbee be removed from the office of sheriff of Prince William county.

The grounds upon which his removal was asked are as follows:

"1. That the said C. A. Barbee, sheriff aforesaid, has been seen in public places under the influence of ardent spirits on numerous occasions, in this, that during the fall of 1925, at Agnewville, in said county, the said Barbee had to be removed or helped from his machine and remain at the home or upon the premises of G. C. Russell for a sufficient length of time to recover from the effects of said spirits so as to make his way home. That on or about January 16, 1926, the said C. A. Barbee, while attending a sale at French Simpson's, in said county, was highly intoxicated and under the influence of ardent spirits. That on or about the 11th day of September, 1926, the said C. A. Barbee operated

an automobile along the public highway while under the influence of ardent spirits in said county, to such an extent that it was unsafe for other users of said highway along that portion thereof between Lowe's corner and the village of Hoadley.

"2. That the said C. A. Barbee had openly and frequently stated that he would not do anything to enforce the prohibition laws of the State unless proper papers were placed in his hands directing that he do so from proper officers, and has otherwise failed and refused to help to enforce said law in the following particulars, to-wit:

"a. That in and around the vicinity in which the said C. A. Barbee resides for several years past illicit distilling and handling of ardent spirits has been openly notorious; that the said C. A. Barbee has failed absolutely to lend assistance or make any effort to curb or stop the illegal traffic in ardent spirits in the said county of Prince William.

"b. That his sympathies and acts have been in favor of, and he has done all possible within his power to mitigate the punishment of offenders convicted in your honor's said court, in allowing prisoners latitude and privileges which he was not authorized to do, to the extent of allowing some offenders, after conviction, to escape from the county jail by permitting them to run at large in and about the county jail.

"3. That in the vicinity, or that portion of the county in which the said C. A. Barbee resides, a large number of automobiles have been permitted to operate in said county and State without the licenses being attached to said cars as provided by law."

Upon the filing of the complaint, the court entered an order directing that a rule be issued against Charles A. Barbee, sheriff, ordering him to appear before the

court on October 18, 1926, and show cause why "he should not be removed from office for malfeasance, incompetency and gross neglect of official duty, and did, knowingly and wilfully, neglect to perform the duties enjoined upon the said Charles A. Barbee, sheriff as aforesaid, by the laws of Virginia, as set forth in a motion and petition hereto attached."

Defendant demurred to and moved to quash the petition, for reasons stated in writing and filed with the record. The court overruled the demurrer and motion to quash, and the respondent pled not guilty.

When the Commonwealth had completed the taking of its evidence in chief and some testimony had been introduced by the defendant, on its motion, the Commonwealth was permitted to file the following amended specifications of the charges against the defendant:

"Specifications of Amended Rule.

"1st. That the said Chas. A. Barbee, sheriff of Prince William county, during the present term of his said office, did appear in a public place in said county, in a state of intoxication produced by ardent spirits voluntarily taken.

"2nd. That the said Chas. A. Barbee, sheriff of Prince William county, aforesaid, at divers times during his present term of office, unlawfully, wilfully, tacitly, neglected and refused to enforce the laws of the State of Virginia against the illicit manufacture and traffic in ardent spirits in said county of Prince William."

Having fully heard the evidence, the jury returned a verdict against the defendant finding him "guilty of the 2nd specification," upon which the court entered the judgment complained of.

The defendant, plaintiff in error, makes fourteen assignments of error. Seven of these, to-wit, the

seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth assignments, relate to the introduction of testimony tending to prove that the sheriff was guilty of being intoxicated in a public place by ardent spirits voluntarily taken.

[1] A conviction under the 2nd specification only was an acquittal of the charge of being intoxicated in a public place contained in the 1st specification. This being true, it is clear that the defendant was not preju- . diced by any ruling of the court touching the matters referred to in these assignments and we will not consider them further.

The first assignment of error is the action of the court in allowing defendant only thirty days suspension of the judgment in which to make application to this court for a writ of error and supersedeas.

[2] The statute, Code, section 6338, requires that, at the instance of any person desiring to present a petition to this court for an appeal or writ of error, the court shall suspend the execution of its judgment, decree or order for a reasonable time, which shall be stated in the order. The statute leaves it to the sound judicial discretion of the trial court, or judge thereof, to determine what is a "reasonable time" under the circumstances surrounding the particular case, and this court will not reverse the action of the court unless that discretion has been abused to the prejudice of the petitioner.

[3] In the instant case a suspension of thirty days seems to us rather short, but it does not appear that the rights of the defendant were in any way prejudiced by the lack of time in which to secure the necessary copies of the record and present to one of the judges of this court his petition for a writ of error. The judgment was entered on December 9, 1926, and the

petition and record, in proper form, were duly presented to one of the judges of this court, who, on December 30, 1926, granted the writ of error and supersedeas.

There is no merit in this assignment.

[4] The second and third assignments of error relate to the action of the court in overruling the demurrer and motion to quash the petition, and in allowing the Commonwealth to file later what is designated as "Specifications of Amended Rule."

The demurrer was well taken and should have been sustained, with leave to amend. The petition nowhere alleged that at the time of the grievance complained of defendant was sheriff of Prince William county, when it should have alleged that they occurred during his present term of office as sheriff. *Cutchin's Case,* 113 Va. 467, 74 S. E. 403; *Smith's Case,* 134 Va. 589, 113 S. E. 707, 24 A. L. R. 1286; *Warren's Case,* 136 Va. 573, 118 S. E. 125.

[5] This error was cured, however, when, later, the court permitted the filing of the "Specifications of Amended Rule," in which the grounds of removal were limited to two charges, which were stated therein with "reasonable accuracy and detail." Code, section 2705.

[6, 7] The defendant contends that it was error to allow these amendments to be filed. Of this he has no right to complain unless he can show that his rights were violated. The policy of our law, in order to attain the ends of justice, is to allow amendments to pleadings at any time before final judgment, upon such terms as may be necessary to protect the rights of the parties. The defendant was not taken by surprise and did not ask for a continuance when the amendments were filed and fails now to show how his rights were prejudiced. He was in fact benefited by having the inquiry limited to two charges.

In *Cutchin* v. *Roanoke*, 113 Va. 463, 74 S. E. 403, the court permitted an amendment of the rule over the protest of the defendant under circumstances similar to those in the instant case. In discussing the amendment, the court, at page 468 (74 S. E. 405), said: "Plaintiff in error complains that the court directed an amendment of the rule after the testimony in support of the rule, as originally framed, had been introduced; but it is certain that this action of the court was not prejudicial to the plaintiff in error, but was to his benefit rather than otherwise, as it limited the range of inquiry and reduced the charges to the conduct of the mayor with reference to houses of ill fame, omitting all reference to other offenses originally alleged against him. It operated no surprise, diminished no means of defense, and abridged no right which he would otherwise have enjoyed."

[8] We find no merit in defendant's complaint that the 2nd specification charges him with a "vague dereliction of duty not covered by the statute," because it contains the word "tacitly." The statute, section 2705, provides that any officer who shall "knowingly or wilfully neglect to perform any duty enjoined upon such officer by any law of this State," may be removed from office. The specification charges that the defendant wilfully, tacitly, neglected and refused to enforce the laws of the State of Virginia against the illicit manufacture and traffic in ardent spirits. The word "tacitly" does not enlarge the scope of the offense charged. It simply describes the manner in which he neglected and refused to enforce the law, and may be treated as surplusage.

[9, 10] The fourteenth assignment of error is the refusal of the court to set aside the verdict of the jury.

The verdict is not only supported by the evidence but the evidence properly admitted is such that the jury could not have rendered any verdict other than that of guilty.

Among the facts shown in evidence are these: Charles A. Barbee has been sheriff of Prince William county for ten years, during which time he has never made an arrest of any person for a violation of the prohibition law. He told the deputy clerk of the county that he was not interested in the prohibition law and would not arrest a bootlegger without a warrant, if he saw him going down the road. In a conversation with W. T. Wine concerning the enforcement of the prohibition law, and the prosecution of those who violated it, he said: "I don't intend to hunt them." On cross-examination he testified that he never *refused* to enforce the prohibition law. He was then asked:

"Q. Have you ever made any effort? You can answer it yes or no.

"A. I have not been active.

"Q. Exceedingly inactive?

"A. You may consider it that."

When asked if the community in which he has resided while holding the office of sheriff was not notorious as a section of the county in which violations of the prohibition law were numerous, he admitted that eight people had been arrested in that vicinity by the Federal authorities and convicted. He testified that one of the parties, Geo. O. Keeney, had a most notorious reputation as a violator of the prohibition law, and admitted he went to Keeney's place once a week to get slop, and on one occasion there was liquor under the slop barrel from which he poured the slop. He admitted that he knew Keeney had been twice

convicted for violating the prohibition law, but he continued to visit his place.

The Commonwealth's attorney and two other officers found a still in operation in or near the home of one Anderson in that vicinity, and Barbee admitted he was sitting on Anderson's back porch twenty minutes before the officers arrived. When asked: "Was there a still boiling there?" he answered: "They said so."

It is not contradicted that officer Duvall destroyed several stills near Barbee's home.

The jury were well warranted in believing that Barbee knew the prohibition law was being outrageously violated in his county, and he admits that he was exceedingly inactive in its enforcement. He does not claim to have made any effort to enforce it. The law (section 46 of the prohibition law [Code 1924, section 4675 (46)]), made it his duty to do so. This duty is not discharged by simply executing warrants which are placed in his hands. He must not shut his eyes, or close his ears, to what he might see and hear. He must be active and vigilant, and pursue those who he has cause to believe are violating the law, and, if guilty, use all proper efforts to secure their conviction. Upon his own admissions and statements, he has wilfully neglected and refused to enforce it.

[11] Since under the evidence properly admitted no other verdict could have been found by the jury, the defendant was not prejudiced by the action of the court in giving or refusing instructions, or in the admission of evidence. We therefore decline to consider these assignments of error.

In *Hanger* v. *Commonwealth*, 107 Va. 872, 60 S. E. 67, the court said: "As we view the case, it is needless to consider the instructions given or refused, since

it appears plainly from the evidence that no other verdict could have been rendered thereon than that rendered by the jury   *   *."

The judgment is right and will be affirmed.

*Affirmed.*