# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

REMIRE SUTHERLAND, ET AL. V. SWANNANOA CORPORATION.

March 7, 1949.

Record No. 3448.

Present, All the Justices.

The opinion states the case.

*S. H.* and *Geo. C. Sutherland,* for the appellants.

*A. G. Lively* and *Wm. A. Stuart,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

This appeal was granted to the appellants from a decree holding them to be in contempt for disobeying a decree entered January 15, 1948, requiring them to surrender possession of the premises involved in the suit. They were fined $5 each. They claimed below, and assert here, that they were not in contempt because they were rightfully in possession of the property.

The suit in which the January 15 decree was entered grew out of a sale of lots in Dickenson county made by the appellee, Swannanoa Corporation. The appellants (together with Dotson, an associate, who has transferred his interest to the appellants) bought two lots on which were a store and filling station, for $21,500, of which they paid $8,500. Later they claimed they had bought with the understanding that the other lots were to be sold subject to restrictions, to prevent competition with appellants' mercantile business, and that the appellee had violated that understanding in the sale of another lot. This the appellee denied, and after some fruitless negotations the appellee offered to deliver to the appellants a deed for the lots they had bought on payment of the balance of the purchase price, or else refund to them their cash payment and release them from their purchase.

The appellants rejected both offers, but some two weeks thereafter they gained possession of the property (wrongfully, the appellee claimed, and as the court found), and began to conduct a mercantile business on the premises. Thereupon the appellee brought this suit to rescind the contract and to enjoin the defendants from further trespassing.

By its decree of January 15, 1948, the trial court cancelled the contract, enjoined the appellants from further trespassing and ordered them to surrender possession of the property to the appellee; but the decree provided that it was subject to this condition:

"That if the defendants, on or before the 24th day of January, 1948, shall pay over to the complainant the unpaid balance of purchase money under said contract, to-wit, the sum of $12,750.00, with interest * * * and complainant's taxable costs, and shall thereupon accept the deed of conveyance dated the 23rd day of November, 1946, to them from the complainant * * * then they shall be deemed as having performed their said contract, and said special commissioners shall thereupon pay over said fund in bank of $8,500.00 to the complainant. * * * On motion of the defendants it is hereby ordered that execution of this decree

be suspended for ninety days from the date hereof upon the defendants entering into bond before the Clerk of this court with surety to be approved by said Clerk in the penalty of $6,000.00 conditioned according to law."

Appellants executed the suspending bond on January 21, 1948. On March 19, 1948, they filed in this court their petition for an appeal. On April 26, 1948, we refused to grant the appeal on the ground that the decree was plainly right. On April 30, four days later, the attorney for the appellants notified an agent of the appellee that the appellants "were ready to pay and wanted the deed." Discussions occurred at intervals until May 10, but the appellee refused to deliver the deed, and the money was not paid.

On May 22, 1948, a rule was issued against appellants to show cause why they should not be adjudged to be in contempt for failing to obey the January 15 decree. The appellants answered, evidence was heard and the decree appealed from was entered, holding appellants to be in contempt.

On this appeal appellants contend (1) that they had nine days (equivalent to the period from January 15 to January 24) after the appeal was refused, or until May 5, 1948, to comply with the provision of the January 15 decree; and (2) that what they did on and after April 30 was a sufficient compliance.

We hold the offer of compliance was not in time, and whether that offer was good or bad as a tender is, therefore, not material.

It is to be recalled that the decree of January 15 cancelled the contract of sale, enjoined appellants from further trespassing, and ordered them to deliver possession to appellee. When this court refused an appeal on April 26, 1948, that decree became a finality, and the rights and duties of the parties were established by its terms and provisions.

It provided, however, that if appellants paid the balance of their purchase money and accepted the deed on or before January 24, 1948, then they would be deemed to have performed their contract; that is, they would then have title

and would not have to surrender possession of the property.

That provision was not a matter of right. The court adjudicated the rights of the parties and held that the contract of purchase should be rescinded and possession of the property delivered. We said that holding was plainly right when we refused the appeal. The appellants elected not to accept the option tendered by the decree, but to apply for an appeal and seek to reverse the adjudication. When that application was refused an April 26, the last day on which the option could be accepted was gone. The decree fixed a definite day, January 24, for the expiration of the option. It did not provide that it would hold good until nine days after the expiration of the suspension, or after the action of this court on the appeal, and the suspension did not have that effect.

If the appellants desired to preserve their right to accept the provision of the decree, they could have paid the money into court on or before January 24, 1948, reserving their right to appeal, or they could have paid it into court at any subsequent time prior to the refusal of the appeal on April 26. Until April 26 the decree was in abeyance and time was not running for or against its provisions.

Section 6338 of the Code (Michie, 1942) provides for suspending the execution of judgments, decrees or orders, to give the aggrieved party time to apply for an appeal. The history of that section, prior to the 1934 amendment, is given in *Aetna Cas., etc., Co.* v. *Board of Supervisors*, 160 Va. 11, at p. 52, note 13, 168 S. E. 617, 629.

The section was amended by Acts 1934, chapter 130, page 171, to its present form. It provides that "at the instance of any person who desires to present" a petition for appeal, the court during the term, or the judge within 30 days after the term is ended, "may" make an order suspending the execution of the judgment or decree "for a reasonable time, to be specified in such order, *and thereafter until such petition is acted on by the Supreme Court of Appeals if such petition is actually filed within the specified time*," when such person shall give bond with

surety in the required penalty providing for the payment of such damages as may accrue to any person by reason of such suspension, in case a supersedeas be not petitioned for within said time, or be not allowed, etc.

The italicized words were added by the 1934 amendment, along with other provisions with which we are not now concerned.

In *Aetna Cas., etc., Co.* v. *Board of Supervisors, supra,* decided in 1933, we held that "Under this section the trial court in a civil proceeding is empowered to suspend or refuse to suspend the execution of a judgment, decree or order to permit an appeal therefrom as it may deem proper." 160 Va. at p. 52, 168 S. E. at p. 629.

The 1934 amendment did not change the law in that respect.

The appellee argues that the suspension of the decree of January 15 ran out on April 14, and that if it be conceded that the nine-day interval between January 15 and January 24 was carried forward by the suspension, then April 23 (April 14 plus nine days) was the last day when appellants could tender performance in order to take advantage of the provision of the decree.

The time when the suspension ran out depends on whether it is necessary that the order making the suspension shall not only specify the definite time of the suspension, but shall also provide that the suspension shall continue "thereafter until such petition is acted on" by this court.

The statute, section 6338, as amended, expressly requires the time of such suspension to be specified in the order. *Budowitz* v. *Commonwealth,* 136 Va. 227, 231, 118 S. E. 238, 239. The time so fixed must be a reasonable time, to be determined by the trial court in the exercise of sound judicial discretion, subject to review for abuse. *Barbee* v. *Murphy,* 149 Va. 406, 141 S. E. 237.

A literal interpretation of the phraseology of the statute, after the words of the 1934 amendment were dropped into it, furnishes some ground for the contention that the suspension order must specify not only the fixed period, but the

"thereafter" period also, else the latter does not exist. We think, however, that was not intended by the amendment and that in view of its purpose its proper construction is that when the trial court specifies a definite suspension period, then by force of the statute there is added to that fixed period the time the petition is in the hands of this court if such petition is actually filed within the fixed period. The length of that additional period is, of course, not within the control of the trial court, and the amendment to the statute apparently undertook to provide *ex proprio vigore* for the continuation of the suspension during that period. That seems to be the view of the text-writers. In Burks' Pl. & Pr., 3rd Ed., sec. 398, p. 747, and in Michie's Jur., vol. 1, Appeal and Error, sec. 125, p. 578, it is stated:

"The suspension is generally granted as a matter of course, but is not a matter of right, and is for a reasonable time specified in the order, and thereafter until such petition is acted on by the Supreme Court of Appeals if such petition is actually filed within the specified time, * * *."

Such construction brings section 6338 in line with the provision of section 6355 of the Code (Michie, 1942), that the time the petition is in the hands of this court is not to be taken into account in computing the time after final judgment when the petition must be presented. If the petition is presented within the time prescribed by law, it is then immaterial how long the court holds it. *New York, etc., R. Co.* v. *Bundick, etc., Co.*, 138 Va. 535, 539, 122 S. E. 261, 262.

█ The decree of January 15 granting the suspension did not provide when the suspension bond was to be given. In such case section 6338, as amended, provides that no execution shall issue within five days from the date of the judgment or decree, except for cause. Thereafter, and until the bond is given, the suspension is inoperative. If a time is fixed within which the bond shall be given, then if the bond is given within that time, the suspension is effective from the date of the decree or order. *Budowitz* v. *Commonwealth, supra*.

Here the bond was given on January 21. Its effect was to suspend the operation of the decree, but not its finality. The rights established by the decree could not be exercised until the 90 days plus the time the petition was in our hands had expired. That period expired, as stated, April 26, 1948. Until then the enforcement of the decree was in abeyance. The alternative provision or option in the decree for the benefit of these appellants was also in abeyance, until the suspension of the decree terminated. When the appeal was refused, the suspension ended and the decree became operative as if no suspension had been granted. But when it became operative, the day fixed as the limit for acceptance of the option, January 24, 1948, had passed. The rights of the parties had become fixed. The trial court then had no power, and even if it had power it could not be required, to amend the decree to extend the time for compliance with the offer. This court had no power to extend that time because we had refused the appeal. Therefore, the appellants' tender of performance, which they do not claim was made until April 30, 1948, came too late. Consequently, as stated, it is not material whether what they did then and thereafter toward accepting the alternative provision of the decree was sufficient to bring them within its terms.

The decree complained of is

*Affirmed.*